UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 20-22051-CIV-MARTINEZ-OTAZO-REYES

SISVEL INTERNATIONAL S.A., 3G
LICENSING S.A., and SISVEL S.p.A.,

       Plaintiffs,

v.

HMD AMERICA, INC. and HMD
GLOBAL OY,

       Defendants.

**DEFENDANTS' MOTION TO FILE UNDER SEAL AND EXTENSION OF TIME TO SUBMIT COMPLETE CERTIFICATE OF INTERESTED PARTIES AND <u>CORPORATE DISCLOSURE STATEMENT</u>**

      Defendants HMD America, Inc. and HMD Global Oy ("HMD"), by and through counsel, pursuant to S.D. Fla. L.R. 5.4 and in accordance with Section 5A of the S.D. Fla. CM/ECF Administrative Procedures, respectfully moves this Court for leave to file under seal an unredacted version of Defendants' Certificate of Interested Parties and Corporate Disclosure Statement and an extension of time to submit that unredacted Certificate Of Interested Parties and Corporate Disclosure Statement one (1) day following the Court's order on this Motion. In support of this Motion, HMD states as follows:

      1.     HMD has publicly filed concurrently herewith a Federal Rule of Civil Procedure 7.1 ("Rule 7.1") Corporate Disclosure Statement reporting that Defendant HMD America Inc. "is a privately held wholly-owned subsidiary of HMD Global Oy," that Defendant HMD Global Oy "has no parent corporation," and that "[n]o publicly held corporation owns 10% or more of HMD Global Oy's stock."

1

2.     The Court's Scheduling Order requires the parties to also submit a Certificate of Interested Parties and Corporate Disclosure Statement ("Disclosure Statement").  *See* Dkt. No. 9 ¶11. The Disclosure Statement must contain "a **complete** list" containing "**ALL** subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party" among other requirements."  *Id.*  HMD has filed herewith a redacted copy of that Disclosure Statement, and requests that the Court allow HMD to file under seal the unredacted list of subsidiaries in HMD's multi-national corporate structure.[1]

3.     The U.S. Supreme Court has granted requests to seal corporate disclosure statements, the type of document at issue in this motion.  *See, e.g., Gadson v. Walker*, 532 U.S. 1003 (2001) (granting Baxter Healthcare motion for leave to file "Rule 29.6 corporate disclosure statement under seal"); *Spece Jr. v. Rhone-Poulenc Rorer, Inc.*, 526 U.S. 1081 (1999) (same). Courts in the Eleventh Circuit "balance the competing interests of the parties" when determining whether to grant a narrow request to seal particular documents within the record.  *See Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235-36 (11th Cir. 2013).  Although there exists a presumption that judicial records should be available to the public, the "case law lists several relevant factors to consider, including whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, [and] whether access is likely to promote public understanding historically significant events."  *Id.*  (citation and quotations omitted).

---

[1] HMD's counsel has concurrently served an unredacted copy of the Disclosure Statement to Plaintiffs' counsel on an outside-counsel eyes only basis subject to agreement between counsel. HMD's counsel understands that the unredacted copy is not to be filed under seal until the Court rules on HMD's Motion to File Under Seal. *See* S.D. Fla. L.R. 5.4 ("The proposed sealed material shall not be filed unless the Court grants the motion to file under seal."). HMD stands ready to provide the unredacted Disclosure Statement for the Court's review *in camera*.

4. There are two interests that independently and cumulatively weigh in favor of granting HMD's motion. These interests establish that public disclosure of HMD's entire international ownership structure would cause significant harm to HMD. On the other hand, public disclosure of such information would serve no substantial and legitimate purpose.

5. First, HMD has numerous subsidiaries that are based in and organized under the laws of foreign (that is, non-U.S.) nations. HMD might violate the laws of foreign nations by publicly listing its foreign subsidiaries and affiliates in the Disclosure Statement. The laws governing disclosure of corporate ownership vary country-by-country, and HMD operates subsidiaries in nations where such information is nonpublic by default. HMD's Disclosure Statement lists almost twenty different corporate entities that operate in almost as many nations. The burden of reviewing and analyzing the laws of each of these nations to determine which nations prohibit or discourage disclosure, the extent to which disclosure is prohibited or discouraged, and any contractual obligations HMD may have to report such disclosure, far outweighs any *public* interest in this information as set forth below.

6. Second, to Counsel's best investigative efforts to date, the entire listing of HMD's subsidiary and affiliate relationships is not publicly known. Public disclosure of these relationships would cause strategic business disadvantage. *See, e.g., True Health Chiropractic Inc. v. McKesson Corp.*, 2015 WL 3409721 (N.D. Cal. May 27, 2015) (granting unopposed motion to seal corporate structure). Nearly all of the subsidiaries and affiliates listed in HMD's Disclosure Statement are sales and marketing entities that operate in foreign nations. The nations in which they operate, and the nations in which they are incorporated, are often identified by the entity name alone. Public disclosure of this information would provide a roadmap to HMD's global business strategy and allocation of resources. HMD's competitors could use this

information, for example, to alter their own strategic business resources to compete with HMD globally, and future litigants against HMD could use this nonpublic information to place HMD at a strategic disadvantage.

7.  Disclosure of HMD's ownership structure would be of little, if any, benefit to the public.  This is a United States patent infringement action that does not involve HMD's foreign subsidiaries and affiliates.  Indeed, nearly all of those entities are local sales and marketing affiliates in foreign nations that should not be involved in this action at any point.  Nor is the ownership of those entities "historically significant."  *Perez-Guerrero*, 717 F.3d at 1235-36.  Furthermore, HMD understands the purpose of a Corporate Disclosure Statement is to allow the Court to identify potential basis for recusal.  *See generally*, Fed. R. Civ. P. 7.1 advisory committee's note.  Because the combination of HMD's public and sealed filings provides an adequate basis, further disclosure is unlikely to serve the public.  The public and Plaintiffs will have the information that is provided in almost all other civil litigations under Rule 7.1, while the Court and opposing counsel will have the detailed information set forth in the unredacted Certificates of Interested Parties and Corporate Disclosure Statement.

8.  For the foregoing reasons, HMD respectfully requests the Court enter an Order that an unredacted version of Defendants' Corporate Disclosure Statement is to be filed under seal under further order of the Court.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for the movant has conferred in writing and telephonically with counsel for all plaintiffs in a good faith effort to resolve the issues raised in the Motion. Plaintiff has taken no position on this Motion.

Dated: September 4, 2020                                   Respectfully submitted,

                                               */s/ Joseph W. Bain*
                                               JOSEPH W. BAIN, ESQ.
                                               Florida Bar No. 860360
                                               Email Address: jbain@shutts.com
                                               **SHUTTS & BOWEN LLP**
                                               1100 CityPlace Tower
                                               525 Okeechobee Boulevard
                                               West Palm Beach, Florida 33401
                                               Telephone: (561) 835-8500
                                               Facsimile: (561) 650-8530

                                               **ATTORNEYS FOR DEFENDANTS HMD AMERICA, INC. AND HMD GLOBAL OY**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document on September 4, 2020.

                                               */s/ Joseph W. Bain*
                                               Joseph W. Bain