UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 20-22051-CIV-MARTINEZ-OTAZO-REYES

SISVEL INTERNATIONAL S.A., 3G
LICENSING S.A., and SISVEL S.p.A.,

        Plaintiffs,

v.

HMD AMERICA, INC. and HMD
GLOBAL OY,

        Defendants.

## DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER

Defendants HMD America, Inc. and HMD Global Oy ("HMD"), by and through counsel, pursuant to S.D. Fla. L.R. 7.1, respectfully moves this Court to modify the Scheduling Order (Doc. 9 at 5-7) in accordance with Defendants' proposed Scheduling Order (Exhibit 1). If entered, Defendants' proposed Scheduling Order would extend nearly all deadlines in the existing Scheduling Order (Doc. 9 at 5-7), including the trial date.

HMD submits the following memorandum of law in support of this Motion.

## MEMORANDUM OF LAW

**I.   INTRODUCTION**

This is a complex patent lawsuit in which Plaintiffs (collectively "Sisvel") assert nine patents involving wireless communications technologies. Compelling circumstances exist to modify the Scheduling Order in this case.

First, HMD's proposed schedule provides a structure that is typical for patent lawsuits and is crucial for the orderly management of this action. Specifically, it includes deadlines for claim construction activities pursuant to the Supreme Court's decision in *Markman v. Westview*

1

*Instruments, Inc.*, 517 U.S. 370 (1996), and provides that deadlines for expert reports, the close of discovery, and dispositive motions occur *after* the Court issues its claim construction order.

Second, HMD submits that the circumstances of this case are such that it should be assigned to the Complex Track under Local Rule 16.1(a). This case involves many patents and technology that is not within the knowledge of lay people. The nine asserted patents are alleged to be owned by three different plaintiffs. This case will involve multiple experts for each side, including technical experts and damages experts. The volume of evidence will be large because of the large number of asserted patents, the nature of the accused products, and the fact that Plaintiffs' infringement claims are based on complex industry standards. Furthermore, this case involves significant challenges in obtaining evidence because of the likelihood of discovery from foreign third parties, which will be time-consuming and includes the prospect of foreign language documents and witnesses who might not speak English. Because of the complex nature of this case, the large number of asserted patents, and the extensive record that will be developed, HMD currently estimates that this case will require 15 full days of trial.

In view of the foregoing, HMD respectfully requests entry of its proposed Scheduling Order (Exhibit 1), which would provide deadlines for critical claim construction activities, have expert discovery and dispositive motions occur *after* claim construction, and extend the timeframe of the schedule to accommodate the complexities of this case.

## II. ARGUMENT

### A. HMD's Proposed Schedule Sets Forth A Structure That Is Typical Of Patent Lawsuits And Crucial To Orderly Case Management

Many District Courts have established case management procedures for patent lawsuits that are embodied in local rules, standing orders, and/or model orders. The Federal Judicial Center has published a guide for managing patent cases that sets forth similar procedures. Peter S. Menell

et al., Fed. Judicial Ctr., *Patent Case Management Judicial Guide* (3d ed. 2016). An important aspect of those established case management procedures includes providing a framework and deadlines for the process of "claim construction" that culminates in a decision by the Court that construes the meanings of key patent claim terms pursuant *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). The Supreme Court further noted in *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015), that claim construction can involve underlying questions of fact that may be resolved by the court, and that the *Markman* process might involve evidentiary hearings and expert declarations.

"To structure and facilitate the claim-construction process, more than thirty districts have adopted patent local rules (PLRs) setting forth a standardized timeline and framework for disclosures and submissions leading up to a claim-construction or '*Markman*' hearing." *Patent Case Management Judicial Guide*, § 2.1.3.2 at 2 13.[1] Based on Sisvel's nine asserted patents in this action, the Court's claim construction ("*Markman*") decision will play a crucial role with respect to assessing and developing the parties' claims and defenses. The claim construction process in this case would benefit from the sequence of events that is typical in many courts, which includes identification of the asserted patent claims and key claim terms, briefing by the parties on

---

[1] For example, the four District Courts that currently handle the most patent litigation all have well-established procedures for managing patent lawsuits that include provisions for claim construction:
- The Western District of Texas: Sample Order available at https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Sample%20Order%20Governing%20Proceedings%20-%20Patent%20Cases%20071720.pdf
- The District of Delaware: Chief Judge Stark's Patent Procedures available at Available at: https://www.ded.uscourts.gov/sites/ded/files/LPS-PatentProcedures.pdf
- The Eastern District of Texas: Patent Local Rules available at: http://www.txed.uscourts.gov/?q=patent-rules
- The Northern District of California: Patent Local Rules available at: https://www.cand.uscourts.gov/filelibrary/177/Patent_Local_Rules_1-2017.pdf

3

the meanings of those claim terms, the Court holding a *Markman* hearing, and the Court's claim construction decision (*Markman* order). *See Patent Case Management Judicial Guide*, § 5.1 Timing and Procedure of Claim Construction.

The Court's *Markman* decision will serve as a necessary predicate for litigating and deciding the issues of patent infringement and validity. "An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the device accused of infringing." *Monsanto Co. v. Syngenta Seeds, Inc.*, 503 F.3d 1352, 1356 (Fed. Cir. 2007) (quotation and citations omitted); *see*, *e.g.*, *Markman*, 517 U.S. at 384 ("The two elements of a simple patent case [are] construing the patent and determining whether infringement occurred …."). Likewise, patent claims must be construed to assess the validity of patents. *See, e.g., Eko Brands, LLC v. Adrian Rivera Maynez Enterp.*, 946 F.3d 1367 (Fed. Cir. 2020) (affirming the District Court's claim construction and related finding that an asserted patent was invalid for obviousness in view of prior art); *Joovy LLC v. Target Corp.*, 437 Fed. Appx. 932, 937 (Fed. Cir. 2011) (finding a patent to be invalid as anticipated by prior art, stating, "This court holds that under the proper claim construction of "rear wheels," [the prior art] unquestionably discloses each and every element of claim 1 and, thus, anticipates the claims under 35 U.S.C. § 102(b) as a matter of law.").

Because the issues of patent infringement and validity are dependent on the Court's construction of disputed claim terms, it is critical for expert reports and dispositive motions to occur ***after*** the Court issues its claim construction decision. For example, the *Patent Case Management Judicial Guide* states:

> Expert reports on infringement, invalidity, and damages are central to almost every patent case. Technical experts opine on infringement and invalidity based on the

> meaning of the claim terms as determined by (or anticipated from) the court's claim-construction order. For this reason, **claim construction should precede expert reports and depositions**.

*Patent Case Management Judicial Guide*, § 2.1.3.2.3.3 Expert Discovery After Claim Construction at 2-22 (emphasis added).

> A majority of courts have found that the most opportune time to hold the *Markman* hearing is midway through, or before the close of, fact discovery, and prior to expert discovery. This timing affords the parties sufficient discovery in advance of the claim-construction hearing to gain an understanding of the liability issues and accurately identify the terms needing construction. It also leaves time for the parties to finish fact discovery and to focus expert discovery *after the court has issued its claim-construction ruling*. This timing also avoids requiring an expert to base her opinion on alternative claim constructions or to do a new report if the court does not adopt either party's construction and devises its own.

*Id.*, § 5.1.1 at 5-5 to 5-6 (emphasis added); *Zipit Wireless Inc. v. Blackberry Ltd.*, Civil Action No. 6:13-cv-02959-JMC, 2016 WL 5933975, at *9 (D.S.C. Oct. 12, 2016).

If claim construction (including the Court's *Markman* decision) were not to occur before the deadlines for expert reports or dispositive motions, the parties would be forced to make alternative arguments concerning patent infringement and invalidity to account for the competing constructions of disputed patent claim terms. Given the large number of patents and asserted patent claims, the need for such alternative arguments would impose an unworkable burden on the parties and their experts.

Accordingly, HMD's proposed schedule (Exhibit 1) employs the general structure of well-established case management procedures for patent lawsuits in part by providing for expert reports and expert depositions to occur *after* claim construction—that is, after briefing, the *Markman* hearing, and the Court's claim construction decision.[2]

---

[2] Courts with established case management procedures also typically include provisions for plaintiffs to serve "infringement contentions" that describe the substance of their infringement claims and for defendants to serve "invalidity contentions" that describe the substance of their invalidity defenses. *E.g.*, N.D. California Patent L.R. 3-1 and 3-3 and E.D. Texas Patent

### B. HMD Requests Assignment Of This Case To The Complex Track And Extension Of The Deadlines In The Scheduling Order In Accordance With HMD's Proposed Schedule

This case is complex, involving nine patents asserted by three plaintiffs. The asserted patents involve wireless communications technology—for example, the manner in which mobile phones communicate with wireless communications networks—which is not within the knowledge of lay people. Accordingly, this case will involve multiple experts for each side, including technical experts and damages experts.

Discovery will involve a large volume of documents and other evidence—for example, because of the large number of asserted patents and the number of HMD products accused of infringement (multiple models of Nokia-brand mobile phones), and discovery will involve technical documentation concerning how HMD's accused products work. The asserted patents were originally developed by three third-party companies—Nokia, LG Electronics, and BlackBerry—and later acquired by Sisvel. The asserted patents list 29 inventors. Therefore, discovery relating to the nine asserted patents, three original patent owners, and 29 inventors will be extensive.

Sisvel's complaint alleges that HMD's accused products infringe the asserted patents because the patents are essential to various aspects of 3G and 4G wireless communications standards, meaning that products that comply with those aspects of the standards necessarily infringe Sisvel's asserted patents. Those standards were published and governed by one or more third-party standards-setting organizations—for example, the European Telecommunications Standards Institute (ETSI). Therefore, discovery into the development of those standards and

---

L.R. 3-1 and 3-3. HMD's proposed scheduling order does not include deadlines for infringement and invalidity contentions because HMD proposes that the parties can exchange infringement and invalidity contentions through interrogatories.

whether the asserted patents were declared to the standards-setting organization(s) as essential to the relevant aspects of the 3G and 4G standards will be extensive.

The factors described above make for a complex case that will require extensive discovery and more time than the current Scheduling Order allows. However, those factors are exacerbated by the fact that much of the discovery will occur from foreign (non-U.S.) entities and people. Four of the five parties are foreign companies of Belgium (plaintiffs Sisvel International, S.A., and 3G Licensing S.A.), Italy (plaintiff Sisvel S.p.A.), and Finland (defendant HMD Global Oy). The nine asserted patents were developed by foreign companies from which discovery is likely necessary—namely, Nokia (Finland), LG Electronics (South Korea), and BlackBerry, formerly known as Research In Motion (Canada). The asserted patents identify 29 named inventors from Finland, South Korea, and Canada. The 3G and 4G wireless communications standards implicated by Sisvel's infringement claims involve one or more foreign standards-setting organizations—for example, ETSI is in France. Relevant documents and witnesses with relevant knowledge are likely spread around the world, and obtaining discovery of those sources will be time-consuming. Furthermore, discovery might involve foreign-language documents and witnesses who do not speak English, which will further complicate discovery.

The foregoing circumstances show that this is a complex case that should be assigned to the Complex Track under Local Rule 16.1(a). In view of the complex nature of this case, the large number of asserted patents, and the extensive record that will be developed, HMD currently estimates that this case will require 15 full days of trial. The foregoing also shows that compelling circumstances exist to modify the Scheduling Order in accordance with HMD's proposed schedule (Exhibit 1).

### III. CONCLUSION

For the reasons stated above, HMD respectfully asks this Court to grant this Motion and to modify the Scheduling Order to adopt HMD's proposed schedule.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for the movant has conferred in writing and telephonically with counsel for all Plaintiffs in a good faith effort to resolve the issues raised in the Motion. Plaintiffs did not take a position on this Motion and HMD's proposed scheduling order. The proposed amended schedule was provided Plaintiffs September 10, 2020, and Plaintiffs' counsel advises that it is still under consideration.

Dated: September 16, 2020                    Respectfully submitted,

WILLIAM J. MCCABE, Esq.
*Pro hac vice* pending
wmccabe@perkinscoie.com
GENE W. LEE, Esq.
*Pro hac vice* pending
glee@perkinscoie.com
MATTHEW J. MOFFA, Esq.
*Pro hac vice* pending
mmoffa@perkinscoie.com
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd floor
New York, NY 10036
Telephone: (212) 262-6900
Facsimile: (212) 977-1649

*/s/ Joseph W. Bain*
JOSEPH W. BAIN, ESQ.
Florida Bar No. 860360
Email Address: jbain@shutts.com
**SHUTTS & BOWEN LLP**
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530
**ATTORNEYS FOR DEFENDANTS
HMD AMERICA, INC., AND
HMD GLOBAL OY**

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of September, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which served a copy on the following:

Francesca Russo-Di Staulo, Esq.
Robert Ralph Jimenez, Esq.
Jorge Tadeo Espinosa, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: 305-416-6880
Fax: 305-416-6887
Email: francesca.russo@gray-robinson.com
Email: robert.jimenez@gray-robinson.com
Email: jorge.espinosa@gray-robinson.com
**Attorneys for** *Plaintiffs, Sisvel International S.A., 3g Licensing S.A., and Sisvel S.p.A.*

Elizabeth M. Manno
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: (303) 291-2397
Fax: (303) 291-2497
Email: ebanzhoff@perkinscoie.com

By: */s/ Joseph W. Bain*
Joseph W. Bain
Florida Bar No. 860360
jbain@shutts.com

9