UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 1:20-cv-22051-JEM

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., 3G LICENSING S.A., and SISVEL S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> HMD AMERICA, INC., and HMD GLOBAL OY, <br><br> Defendants. | |

## JOINT CONFERENCE REPORT PURSUANT TO LOCAL RULE 16.1(b)(2)

Plaintiffs Sisvel International S.A., 3G Licensing S.A., and Sisvel S.p.A. ("Sisvel" or "Plaintiffs") and Defendants HMD America, Inc. and HMD Global Oy ("HMD" or "Defendants"), pursuant to Rule 16.1(b)(2) of the Local Rules for the Southern District of Florida and the Court's August 20, 2020 Order ("Scheduling Order"), met by telephone on September 8, 2020, and hereby submit this Joint Conference Report.

**Information Required by Local Rule 16.1(b)(2)**

**(A) Likelihood of settlement.**

Settlement is possible. The parties are attempting in good faith to resolve this matter and will notify the Court if they do so.

**(B) Likelihood of appearance in the action of additional parties.**

The parties do not anticipate the appearance of any additional parties in this litigation.

**(C) Proposed limits on time.**

1

On September 16, 2020, HMD filed a Motion To Modify The Scheduling Order (ECF No. 19). After the submission of HMD's motion, the parties agreed to HMD's proposed schedule subject to different dates for the exchange of patent claim terms for construction and for the exchange of proposed constructions of patent claim terms (as shown below). On September 21, 2020, the Court issued an order granting HMD's motion and entering the deadlines listed below. ("Order," ECF No. 22).

| Date Or Deadline | Event |
| --- | --- |
| October 2, 2020 | Deadline for Defendants to respond to complaint |
| October 12, 2020 | Motions to join additional parties, amend the complaint, and class certification. |
| October 16, 2020 | Plaintiffs to provide preliminary identification of asserted patent claims |
| December 24, 2020<br><br>Parties agreed date: December 23, 2020 | Parties exchange patent claim terms for construction |
| January 11, 2020<br><br>Parties agreed date: January 19, 2021 | Parties exchange proposed constructions of patent claim terms |
| February 1, 2021 | Parties file opening claim construction briefs |
| February 22, 2021 | Parties file responsive claim construction briefs |
| March 8, 2021 | Parties file reply claim construction briefs |
| March 15, 2021 | Parties file a joint claim construction statement |
| April 5, 2021 | Optional deadline for parties file technology tutorials |
| **April 12, 2021, or other date set at the Court's convenience** | **Claim construction (*Markman*) hearing** |

| **Date Or Deadline** | **Event** |
|---|---|
| May 24, 2021 | The parties meet and confer to narrow asserted patent claims, accused products, and asserted prior art references |
| June 21, 2021 | Parties shall exchange opening expert witness summaries and reports. |
| July 19, 2021 | Parties shall exchange rebuttal expert witness summaries and reports. |
| July 19, 2021 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| August 2, 2021 | A mediator must be selected |
| August 16, 2021 | All discovery, including expert discovery, shall be completed |
| September 13, 2021 | All *Daubert*, summary judgment, and other dispositive motions must be filed. Each party is limited to filing a single *Daubert* motion of no more than 20 pages. Summary judgment motions, in addition to containing a Statement of Material Facts pursuant to Local Rule 56.1(a), shall be accompanied by a separately-filed Joint Statement of Undisputed Fact, which must include all relevant facts about which there is no material dispute. Each undisputed fact shall be individually numbered and separated by paragraphs. This filing is limited to 10 pages and does not otherwise change the parties' obligation to comply with Local Rule 56.1.<br><br>Note: If there are any unresolved discovery disputes pending fifteen days prior to this date, the moving party shall immediately advise the Court of all such unresolved disputes together with their status. |
| September 20, 2021 | Mediation shall be completed |
| October14, 2021 | All pretrial motions and memoranda of law must be filed. Each party is limited to filing a single motion in limine, which may not, |

| Date Or Deadline | Event |
|---|---|
|  | without leave of Court, exceed the 20-page limit allowed by the Rules. |
| October 28, 2021 | Joint Pretrial Stipulation must be filed. |
| November 11, 2021 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| November 18, 2021 | Calendar call |
| November 22, 2021 | Beginning of two-week trial |

In addition to the deadlines set by the Court's Order, the parties agree to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 on October 7, 2020.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses and the number and timing of motions for summary judgment or partial summary judgment.**

The parties do not have any proposals for the formulation and simplification of any issues at this time. As the case progresses, the parties will in good faith confer to discuss proposals for the formulation and simplification of the issues in this case.

**(E) The necessity or desirability of amendments to the pleadings.**

Plaintiffs do not anticipate that any amendments to the Complaint will be necessary. Defendants have not yet filed their responsive pleadings.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

Through the discovery process it is expected that the parties will work together in good faith to obtain admissions and stipulations that will avoid unnecessary proof at trial. In particular the parties have discussed the use of Requests for Admission to address this issue.

**(G) Suggestions for the avoidance of unnecessary proof and cumulative evidence.**

Through the discovery process the parties have agreed to avoid the production of unnecessary proof and cumulative evidence. To the extent one party believes that the evidence is unnecessary or cumulative, the parties have agreed to work together in good faith to address these situations.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

The parties consent to referring discovery dispute related matters to the Magistrate Judge. The parties do not consent to referring any matters to a master at this time.

**(I) A preliminary estimate of the time required for trial.**

<u>**Plaintiffs' position**</u>: Plaintiffs estimate that the time required for trial will be ten days.

<u>**Defendants' position**</u>: In view of the complex nature of this case, the large number of asserted patents, and the extensive record that will be developed, Defendants currently estimate that this case will require 15 full days of trial.

**(J) Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

At this time, the parties have no additional requested dates for conferences before trial, a final pretrial conference, or trial beyond the dates included in the Scheduling Order.

**(K) Any key issues about:**

    **(i) Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

<u>**Plaintiffs' position**</u>: The parties will negotiate in good faith an Electronically Stored Information agreement to address the disclosure of electronically stored information.

<u>**Defendants' position**</u>: This case is complex, involving nine patents asserted by three plaintiffs. The asserted patents involve wireless communications technology—for example, the

manner in which mobile phones communicate with wireless communications networks—which is not within the knowledge of lay people. Accordingly, this case will involve multiple experts for each side, including technical experts and damages experts.

Discovery will involve a large volume of documents and other evidence—for example, because of the large number of asserted patents and the number of HMD products accused of infringement (multiple models of Nokia-brand mobile phones), and discovery will involve technical documentation concerning how HMD's accused products work. The asserted patents were originally developed by three third-party companies—Nokia, LG Electronics, and BlackBerry—and later acquired by Sisvel. The asserted patents list 29 inventors. Therefore, discovery relating to the nine asserted patents, three original patent owners, and 29 inventors will be extensive.

Sisvel's complaint alleges that HMD's accused products infringe the asserted patents because the patents are essential to various aspects of 3G and 4G wireless communications standards, meaning that products that comply with those aspects of the standards necessarily infringe Sisvel's asserted patents. Those standards were published and governed by one or more third-party standards-setting organizations—for example, the European Telecommunications Standards Institute (ETSI). Therefore, discovery into the development of those standards and whether the asserted patents were declared to the standards-setting organization(s) as essential to the relevant aspects of the 3G and 4G standards will be extensive.

The factors described above exacerbated by the fact that much of the discovery will occur from foreign (non-U.S.) entities and people. Four of the five parties are foreign companies of Belgium (plaintiffs Sisvel International, S.A., and 3G Licensing S.A.), Italy (plaintiff Sisvel S.p.A.), and Finland (defendant HMD Global Oy). The nine asserted patents were developed by

foreign companies from which discovery is likely necessary—namely, Nokia (Finland), LG Electronics (South Korea), and BlackBerry, formerly known as Research In Motion (Canada). The asserted patents identify 29 named inventors from Finland, South Korea, and Canada. The 3G and 4G wireless communications standards implicated by Sisvel's infringement claims involve one or more foreign standards-setting organizations—for example, ETSI is in France. Relevant documents and witnesses with relevant knowledge are likely spread around the world, and obtaining discovery of those sources will be time-consuming. Furthermore, discovery might involve foreign-language documents and witnesses who do not speak English, which will further complicate discovery.

> **(ii)** **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and**

The parties will negotiate in good faith an agreed protective order to address issues of privilege.

> **(iii)** **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI checklist.**

The parties will consider whether to use the ESI Checklist as part of their negotiations over an Electronically Stored Information agreement.

**Additional Information Required by the Court's Scheduling Order:**

**(1) Whether the trial will be jury or non-jury.**

Sisvel has demanded a jury trial.

**(2) An outline of the legal elements of each claim and defense raised by the pleadings (the parties are advised that this section shall not be a summary of allegations, but should be modeled on pattern substantive jury instructions applicable in this Court).**

Plaintiffs allege that Defendants are liable for direct infringement of U.S. Patent Nos. 7,979,070, 8,189,611, 8,600,383, 7,215,653, 7,319,718, 7,551,625, 7,580,388, 7,869,396 and 8,971,279. In order to prevail on their patent infringement claim Plaintiffs must prove that it is more likely than not that Defendants made, used, imported, offered to sell, or sold the invention defined in at least one claim of the asserted patents.

Plaintiffs allege that Defendants are liable for induced infringement of U.S. Patent Nos. 7,979,070, 8,189,611, 8,600,383, 7,215,653, 7,319,718, 7,551,625, 7,580,388, 7,869,396 and 8,971,279. In order to prevail on their patent infringement claim Plaintiffs must prove that it is more likely than not that Defendants aided, instructed, or otherwise acted with the intent to cause acts that would constitute direct infringement of the asserted patents; that Defendants knew of the asserted patents, or showed willful blindness to the existence of the asserted patents at that time; that Defendants knew, or showed willful blindness, that the actions of the direct infringer would infringe at least one claim of the asserted patents; and that the direct infringer infringed at least one patent claim.

Plaintiffs allege that Defendants are liable for contributory infringement of U.S. Patent Nos. 7,979,070, 8,189,611, 8,600,383, 7,215,653, 7,319,718, 7,551,625, 7,580,388, 7,869,396 and 8,971,279. In order to prevail on their patent infringement claim Plaintiffs must prove that it is more likely than not that Defendants had knowledge of both the asserted patent and direct infringement of the asserted patents; that someone other than the Defendants directly infringed a claim of the asserted patents; that Defendants sold, offered for sale, or imported within the United States a component of the infringing product or an apparatus for use in the infringing method; the component or apparatus is not a staple article or commodity of commerce capable of substantial

non-infringing use; the component or apparatus constitutes a material part of the claimed invention; and the Defendants knew that the component was especially made or adapted for use in an infringing product or method.

Plaintiffs allege that Defendants are liable for willful infringement of U.S. Patent No. 7,979,070.

- **Plaintiffs' position**: In order to prevail on their willful infringement claim Plaintiffs must prove by preponderance of the evidence that Defendants knew of U.S. Patent No. 7,979,070 and intentionally infringed at least one asserted claim of the patent. 35 U.S.C. § 284 permits the District Court to treble damages at its discretion.

- **Defendants' position**: Regarding the availability of enhanced damages under 35 U.S.C. § 284, enhanced damages are generally reserved for egregious cases typified by willful misconduct beyond typical infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1933-34, 1935 (2016).

**(3) A good-faith estimate of the specific dollar valuation of actual damages and other relief at issue.**

Based solely on public information available prior to any discovery on sales of products, Plaintiffs estimate that their damages will be $6,750,000. This figure is subject to change based on discovery produced during litigation and any enhanced damages or attorney's fees that the Court may assess.

Defendants dispute Plaintiffs' estimate of the specific dollar valuation of actual damages and other relief at issue.

**(4) The need for variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance.**

The parties do not anticipate a need for variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure.

Dated: September 23, 2020

/s/Jorge Espinosa/
Jorge Espinosa, Esq.
Florida Bar No: 799032
Jorge.espinosa@gray-robinson.com
Francesca Russo, Esq.
Florida Bar No.: 174912
Francesca.russo@gray-robinson.com
Robert R. Jimenez, Esq.
Florida bar No. 72020
Robert.jimenez@gray-robinson.com
GRAY | ROBINSON, P.A.
333 S.E. 2nd Ave., Suite 300
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887
tdevlin@devlinlawfirm.com

*Attorneys for Plaintiffs
Sisvel International S.A.,
3G Licensing S.A., and SISVEL S.p.A.*

/s/Joseph W. Bain/
Joseph W. Bain, Esq.
Florida Bar No. 860360
Email Address: jbain@shutts.com
SHUTTS & BOWEN LLP
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

*Attorneys for Defendants HMD America, Inc. and HMD Global OY*