**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**Case No.: 20-22051-CIV-GAYLES**

SISVEL INTERNATIONAL S.A.,
3G LICENSING S.A., and SISVEL S.p.A.,

                Plaintiffs,

v.

HMD AMERICA, INC. and
HMD GLOBAL OY,

                Defendants.

_____/

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO COMPLAINT

      Defendants, HMD AMERICA, INC. and HMD GLOBAL OY ("HMD" or "Defendants"),
by and through their undersigned counsel, hereby file their Answer and Counterclaims to the
Complaint filed by Plaintiffs, SISVEL INTERNATIONAL S.A., 3G LICENSING S.A., and
SISVEL S.p.A. ("Plaintiffs"), and state as follows:

### NATURE OF THE ACTION

      1.      The allegations set forth in Paragraph 1 of the Complaint state legal conclusions to
which no response is required.  To the extent that a response is required, HMD admits that the
Complaint purports to state an action for patent infringement arising under the Patent Laws of the
United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

      2.      HMD lacks sufficient knowledge or information to form a belief as to the truth or
falsity of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

      3.      HMD lacks sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint, and therefore denies them.

5.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint, and therefore denies them.

6.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint, and therefore denies them.

7.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint, and therefore denies them.

8.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint, and therefore denies them.

9.     HMD admits that defendant HMD America, Inc., ("HMD America") is a corporation organized and existing under the laws of Florida, with its principal place of business at 1200 Brickell Ave., Suite 510, Miami, Florida 33131.  HMD denies all other allegations in Paragraph 9 of the Complaint.

10.     Admitted.

11.     HMD America admits that it sells and offers to sell products and that Defendants sell and offer to sell services throughout the United States, including in this judicial district.  HMD denies all other allegations in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.     The allegations set forth in Paragraph 12 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, HMD admits that this Court has subject matter jurisdiction over claims of patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

13.     The allegations set forth in Paragraph 13 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, HMD does not contest that the Court has personal jurisdiction over it for the purposes of this action, admits that HMD America has a place of business in the State of Florida, admits that HMD America maintains a registered agent in the State of Florida, admits that it conducts and solicits business in the State of Florida and in this District.  HMD denies all other allegations in Paragraph 13 of the Complaint.

14.     The allegations set forth in Paragraph 14 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, HMD admits that HMD America is incorporated in Florida and maintains a place of business in this District at 1200 Brickell Ave., Suite 510, Miami, Florida 33131 and is incorporated in Florida.

15.     The allegations set forth in Paragraph 15 of the Complaint state legal conclusions to which no response is required.  To the extent that a response is required, HMD admits that HMD Global Oy is a foreign corporation.

## ACCUSED INSTRUMENTALITIES

16.     HMD admits that Plaintiffs purport to attach screenshots of HMD's website as Exhibits 1 and 2.  The documents speak for themselves.  HMD admits that HMD Global Oy is the exclusive licensee of the Nokia brand for phones and tablets.  HMD denies all other allegations in Paragraph 16 of the Complaint.

17.     HMD admits that the Nokia 2.3, Nokia 3V, Nokia 4.2, Nokia 6.2, Nokia 7.2, and Nokia 3310-3G are among its products.  HMD denies all other allegations in Paragraph 17 of the Complaint.

18.     HMD admits that Plaintiffs purport to attach product specifications for the Nokia 2.3 as Exhibit 3.  This document speaks for itself.  HMD denies all other allegations in Paragraph 18 of the Complaint.

19.      HMD admits that Plaintiffs purport to attach product specifications for the Nokia 3V as Exhibit 4.   This document speaks for itself.   HMD denies all other allegations in Paragraph 19 of the Complaint.

20.      HMD admits that Plaintiffs purport to attach product specifications for the Nokia 4.2 as Exhibit 5.   This document speaks for itself.   HMD denies all other allegations in Paragraph 20 of the Complaint.

21.      HMD admits that Plaintiffs purport to attach product specifications for the Nokia 6.2 as Exhibit 6.   This document speaks for itself.   HMD denies all other allegations in Paragraph 21 of the Complaint.

22.      HMD admits that Plaintiffs purport to attach product specifications for the Nokia 7.2 as Exhibit 7.   This document speaks for itself.   HMD denies all other allegations in Paragraph 22 of the Complaint.

23.      HMD admits that Plaintiffs purport to attach product specifications for the Nokia 3310-3G as Exhibit 8.  This document speaks for itself.  HMD denies all other allegations in Paragraph 23 of the Complaint.

## BACKGROUND

24.      HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

25.      HMD admits cellular communication network technology may be used to provide data transmission in mobile cellular networks.  HMD denies the remainder of the allegations in Paragraph 25.

26.      HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint, and therefore denies them.

27.      HMD lacks sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations in Paragraph 27 of the Complaint, and therefore denies them.

28.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint, and therefore denies them.

29.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint, and therefore denies them.

30.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint, and therefore denies them.

31.     HMD admits that Sisvel International S.A. sent correspondence to HMD Global Oy on March 5, 2018.  That correspondence speaks for itself.  HMD denies all other allegations in Paragraph 31 of the Complaint.  According to Plaintiff's allegations, Plaintiffs did not own any of the Asserted Patents other than the '070 patent at that time.  Subsequently, HMD informed Sisvel International S.A. that HMD is willing to take licenses on FRAND terms and made a specific FRAND offer to license.

32.     HMD admits that Sisvel International S.A. sent correspondence to HMD Global Oy dated January 29, 2019.  That correspondence speaks for itself.  HMD denies all other allegations in Paragraph 32 of the Complaint.  According to Plaintiff's allegations, Plaintiffs did not own any of the Asserted Patents other than the '070 patent at that time.  Subsequently, HMD informed Sisvel International S.A. that HMD is willing to take licenses on FRAND terms and made a specific FRAND offer to license.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,979,070

33.     HMD hereby incorporates its responses to Paragraphs 1-32 above.

34.     HMD admits that Plaintiffs purport to attach a copy of United States Patent No. 7,979,070 ("the '070 patent") as Exhibit 9 to the Complaint.  That document speaks for itself. HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the

5

remaining allegations in Paragraph 34 of the Complaint, and therefore denies them.

35.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint, and therefore denies them.

36.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint, and therefore denies them.

37.     HMD admits that it received correspondence from Plaintiffs dated March 5, 2018. The document speaks for itself.  HMD denies all other allegations in Paragraph 37 of the Complaint.

38.     HMD admits that Plaintiffs purport to assert infringement of the '070 in this Complaint.  HMD denies all other allegations in Paragraph 38 of the Complaint.

39.     HMD denies the allegations in Paragraph 39 of the Complaint.

40.     HMD denies the allegations in Paragraph 40 of the Complaint.

41.     HMD admits that its products that are accused by Plaintiffs of infringing the '070 patent are available to consumers across the country and in this District.  HMD denies all other allegations in Paragraph 41 of the Complaint.

42.     HMD denies the allegations in Paragraph 42 of the Complaint.

43.     HMD denies the allegations in Paragraph 43 of the Complaint.

44.     HMD denies the allegations in Paragraph 44 of the Complaint.

45.     HMD denies the allegations in Paragraph 45 of the Complaint.

46.     HMD denies the allegations in Paragraph 46 of the Complaint.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,600,383

47.     HMD hereby incorporates its responses to Paragraphs 1-32 above.

48.     HMD admits that Plaintiffs purport to attach a copy of United States Patent No. 8,600,383 ("the '383 patent") as Exhibit 11 to the Complaint.  That document speaks for itself. HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the

remaining allegations in Paragraph 48 of the Complaint, and therefore denies them.

49.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint, and therefore denies them.

50.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint, and therefore denies them.

51.     HMD admits that Plaintiffs purport to assert infringement of the '383 patent in this Complaint.  HMD denies all other allegations in Paragraph 51 of the Complaint.

52.     HMD denies the allegations of Paragraph 52 of the Complaint.

53.     HMD admits that its products that are accused by Plaintiffs of infringing the '383 patent are available to consumers across the country and in this District.  HMD denies all other allegations in Paragraph 53 of the Complaint.

54.     HMD denies the allegations of Paragraph 54 of the Complaint.

55.     HMD denies the allegations of Paragraph 55 of the Complaint.

56.     HMD denies the allegations of Paragraph 56 of the Complaint.

57.     HMD denies the allegations of Paragraph 57 of the Complaint.

58.     HMD denies the allegations of Paragraph 58 of the Complaint.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,189,611

59.     HMD hereby incorporates its responses to Paragraphs 1-32 above.

60.     HMD admits that Plaintiffs purport to attach a copy of United States Patent No. 8,189,611 ("the '611 patent") as Exhibit 13 to the Complaint.  That document speaks for itself. HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60 of the Complaint, and therefore denies them.

61.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 61 of the Complaint, and therefore denies them.

62.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Complaint, and therefore denies them.

63.     HMD admits that Plaintiffs purport to assert infringement of the '611 patent in the Complaint.  HMD denies all other allegations of Paragraph 63 of the Complaint.

64.     HMD denies the allegations of Paragraph 64 of the Complaint.

65.     HMD admits that its products that are accused by Plaintiffs of infringing the '611 patent are available to consumers across the country and in this District.  HMD denies all other allegations in Paragraph 65 of the Complaint.

66.     HMD denies the allegations of Paragraph 66 of the Complaint.

67.     HMD denies the allegations of Paragraph 67 of the Complaint.

68.     HMD denies the allegations of Paragraph 68 of the Complaint.

69.     HMD denies the allegations of Paragraph 69 of the Complaint.

70.     HMD denies the allegations of Paragraph 70 of the Complaint.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,215,653

71.     HMD hereby incorporates its responses to Paragraphs 1-32 above.

72.     HMD admits that Plaintiffs purport to attach a copy of United States Patent No. 7,2151,653 ("the '653 patent") as Exhibit 15 to the Complaint.  That document speaks for itself.  HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 72 of the Complaint, and therefore denies them.

73.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the Complaint, and therefore denies them.

74.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Complaint, and therefore denies them.

75.     HMD admits that Plaintiffs purport to assert infringement of the '653 patent in the

Complaint.  HMD denies all other allegations of Paragraph 75 of the Complaint.

76.     HMD denies the allegations of Paragraph 76 of the Complaint.

77.     HMD admits that its products that are accused by Plaintiffs of infringing the '653 patent are available to consumers across the country and in this District.  HMD denies all other allegations in Paragraph 77 of the Complaint.

78.     HMD denies the allegations of Paragraph 78 of the Complaint.

79.     HMD denies the allegations of Paragraph 79 of the Complaint.

80.     HMD denies the allegations of Paragraph 80 of the Complaint.

81.     HMD denies the allegations of Paragraph 81 of the Complaint.

82.     HMD denies the allegations of Paragraph 82 of the Complaint.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 7,319,718

83.     HMD hereby incorporates its responses to Paragraphs 1-32 above.

84.     HMD admits that Plaintiffs purport to attach a copy of United States Patent No. 7,319,718 ("the '718 patent") as Exhibit 17 to the Complaint.  That document speaks for itself. HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 84 of the Complaint, and therefore denies them.

85.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Complaint, and therefore denies them.

86.     HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Complaint, and therefore denies them.

87.     HMD admits that Plaintiffs purport to assert infringement of the '718 patent in the Complaint.  HMD denies all other allegations of Paragraph 87 of the Complaint.

88.     HMD denies the allegations of Paragraph 88 of the Complaint.

89.     HMD admits that its products that are accused by Plaintiffs of infringing the '718

patent are available to consumers across the country and in this District.  HMD denies all other allegations in Paragraph 89 of the Complaint.

90.    HMD denies the allegations of Paragraph 90 of the Complaint.

91.    HMD denies the allegations of Paragraph 91 of the Complaint.

92.    HMD denies the allegations of Paragraph 92 of the Complaint.

93.    HMD denies the allegations of Paragraph 93 of the Complaint.

94.    HMD denies the allegations of Paragraph 94 of the Complaint.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 7,551,625

95.    HMD hereby incorporates its responses to Paragraphs 1-32 above.

96.    HMD admits that Plaintiffs purport to attach a copy of United States Patent No. 7,551,625 ("the '625 patent") as Exhibit 19 to the Complaint.  That document speaks for itself. HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 96 of the Complaint, and therefore denies them.

97.    HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Complaint, and therefore denies them.

98.    HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Complaint, and therefore denies them.

99.    HMD admits that Plaintiffs purport to assert infringement of the '625 patent in the Complaint.  HMD denies all other allegations in Paragraph 99 of the Complaint.

100.    HMD denies the allegations of Paragraph 100 of the Complaint.

101.    HMD admits that its products that are accused by Plaintiffs of infringing the '625 patent are available to consumers across the country and in this District.  HMD denies all other allegations in Paragraph 101 of the Complaint.

102.    HMD denies the allegations of Paragraph 102 of the Complaint.

103.    HMD denies the allegations of Paragraph 103 of the Complaint.

104.    HMD denies the allegations of Paragraph 104 of the Complaint.

105.    HMD denies the allegations of Paragraph 105 of the Complaint.

106.    HMD denies the allegations of Paragraph 106 of the Complaint.

**COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,580,388**

107.    HMD hereby incorporates its responses to Paragraphs 1-32 above.

108.    HMD admits that Plaintiffs purport to attach a copy of United States Patent No. 7,580,388 ("the '388 patent") as Exhibit 21 to the Complaint.  That document speaks for itself.  HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 108 of the Complaint, and therefore denies them.

109.    HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 109 of the Complaint, and therefore denies them.

110.    HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 110 of the Complaint, and therefore denies them.

111.    HMD admits that Plaintiffs purport to assert infringement of the '388 patent in the Complaint.  HMD denies all other allegations in Paragraph 111 of the Complaint.

112.    HMD denies the allegations of Paragraph 112 of the Complaint.

113.    HMD admits that its products that are accused by Plaintiffs of infringing the '388 patent are available to consumers across the country and in this District.  HMD denies all other allegations in Paragraph 113 of the Complaint.

114.    HMD denies the allegations of Paragraph 102 of the Complaint.

115.    HMD denies the allegations of Paragraph 102 of the Complaint.

116.    HMD denies the allegations of Paragraph 102 of the Complaint.

117.    HMD denies the allegations of Paragraph 102 of the Complaint.

11

118.    HMD denies the allegations of Paragraph 102 of the Complaint.

**COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 7,869,396**

119.    HMD hereby incorporates its responses to Paragraphs 1-32 above.

120.    HMD admits that Plaintiffs purport to attach a copy of United States Patent No. 7,869,396 ("the '396 patent") as Exhibit 23 to the Complaint.  That document speaks for itself. HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 120 of the Complaint, and therefore denies them.

121.    HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 121 of the Complaint, and therefore denies them.

122.    HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 122 of the Complaint, and therefore denies them.

123.    HMD admits that Plaintiffs purport to assert infringement of the '396 patent in the Complaint.  HMD denies all other allegations in Paragraph 123 of the Complaint.

124.    HMD denies the allegations of Paragraph 124 of the Complaint.

125.    HMD admits that its products that are accused by Plaintiffs of infringing the '396 patent are available to consumers across the country and in this District.  HMD denies all other allegations in Paragraph 125 of the Complaint.

126.    HMD denies the allegations of Paragraph 126 of the Complaint.

127.    HMD denies the allegations of Paragraph 127 of the Complaint.

128.    HMD denies the allegations of Paragraph 128 of the Complaint.

129.    HMD denies the allegations of Paragraph 129 of the Complaint.

130.    HMD denies the allegations of Paragraph 130 of the Complaint.

**COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 8,971,279**

131.    HMD hereby incorporates its responses to Paragraphs 1-32 above.

132.    HMD admits that Plaintiffs purport to attach a copy of United States Patent No. 8,971,279 ("the '279 patent") as Exhibit 25 to the Complaint.  That document speaks for itself. HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 132 of the Complaint, and therefore denies them.

133.    HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 133 of the Complaint, and therefore denies them.

134.    HMD lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 134 of the Complaint, and therefore denies them.

135.    HMD admits that Plaintiffs purport to assert infringement of the '279 patent in the Complaint.  HMD denies all other allegations in Paragraph 135 of the Complaint.

136.    HMD denies the allegations of Paragraph 136 of the Complaint.

137.    HMD admits that its products that are accused by Plaintiffs of infringing the '279 patent are available to consumers across the country and in this District.  HMD denies all other allegations in Paragraph 137 of the Complaint.

138.    HMD denies the allegations of Paragraph 138 of the Complaint.

139.    HMD denies the allegations of Paragraph 139 of the Complaint.

140.    HMD denies the allegations of Paragraph 140 of the Complaint.

141.    HMD denies the allegations of Paragraph 141 of the Complaint.

142.    HMD denies the allegations of Paragraph 142 of the Complaint.

## <u>RESPONSE TO JURY DEMAND</u>

HMD admits that the Complaint sets forth a demand for a trial by jury.  HMD also demands a trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

HMD denies that Plaintiffs are entitled to any relief, including the relief specified in Plaintiffs' Prayer for Relief.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## DEFENSES

HMD states the following defenses to Plaintiffs' Complaint.  HMD reserves all defenses under Federal Rule of Civil Procedure 8(c) and the Patent Laws of the United States, and any other defense available at law or in equity that may now exist or may become available, including defenses that become apparent during HMD's ongoing investigation and discovery in this matter. By raising the following defenses, HMD does not assume the burden of proof of any issue that, as a matter of law, is Plaintiffs' burden to prove.  HMD further does not admit any allegation of the Complaint not otherwise admitted and expressly incorporates the admissions and denials in each and every paragraph above.

## FIRST DEFENSE - FAILURE TO STATE A CLAIM

1.      The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE - NONINFRINGEMENT

2.      HMD does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of the Asserted Patents.

## THIRD DEFENSE - INVALIDITY

3.      On information and belief, each and every claim of the Asserted Patents is invalid for failure to satisfy one or more of the conditions for patentability set forth in U.S.C. Title 35, including but not limited to Sections 101, 102, 103, and/or 112.

14

## <u>FOURTH DEFENSE - BREACH OF FRAND OBLIGATIONS</u>

4.      Plaintiffs have breached their obligation to negotiate in good faith a standard-essential patent license with HMD on fair, reasonable, and non-discriminatory (FRAND) terms, and has therefore waived their right to a reasonable royalty rate for any alleged infringement. Having breached its FRAND obligations, Plaintiffs are barred from enforcing the Asserted Patents against HMD.

## <u>FIFTH DEFENSE - LIMITATION ON DAMAGES</u>

5.      Plaintiffs are precluded from recovering damages for any infringement of the Asserted Patents occurring over six years before the filing of the Complaint under 35 U.S.C. § 286.

## <u>SIXTH DEFENSE - LACK OF NOTICE</u>

6.      HMD is not liable for any damages that occurred prior to receiving actual or constructive notice of infringement of the Asserted Patents. *See* 35 U.S.C. § 287.

## <u>SEVENTH DEFENSE - GOOD FAITH, NO EXCEPTIONAL CASE</u>

7.      HMD has engaged in all relevant activities in good faith, thereby precluding Plaintiffs from recovering any attorneys' fees under 35 U.S.C. § 285, even if Plaintiffs prevail on the merits.

## <u>EIGHTH DEFENSE - ESTOPPEL, WAIVER, AND UNCLEAN HANDS</u>

8.      On information and belief, Plaintiffs' claims for relief are barred, in whole or in part, under the doctrines of estoppel (including equitable estoppel), waiver (including implied waiver), and/or unclean hands.

## <u>NINTH DEFENSE - PATENT MISUSE</u>

9.      Plaintiffs have engaged in patent misuse, including by demanding HMD accept and pay royalties for licenses to expired and unnecessary patents in Plaintiffs' patent portfolio as a

condition for obtaining a license to the Asserted Patents—for example, U.S. Patent No. 5,528,629 and U.S. Patent No. 5,930,250.

## TENTH DEFENSE - NO EQUITABLE RELIEF

10.     Plaintiffs' remedies, if any, are limited to remedies at law which are adequate because any alleged injuries are not immediate or irreparable such as would be required to support an injunction or other equitable relief.

## COUNTERCLAIMS

HMD AMERICA, INC., and HMD GLOBAL OY ("HMD" or "Defendants"), on information and belief, allege Counterclaims against Plaintiffs SISVEL INTERNATIONAL S.A., 3G LICENSING S.A., and SISVEL S.p.A. (collectively "Plaintiffs"), and state as follows:

## NATURE OF THE ACTION

1.     Plaintiffs brought this action against HMD, asserting claims for patent infringement of U.S. Patent Nos. 7,979,070 ("the '070 patent"), 8,600,383 ("the '383 patent"), 8,189,611 ("the '611 patent"), 7,215,653 ("the '653 patent"), 7,319,718 ("the '718 patent"), 7,551,625 ("the '625 patent"), 7,580,388 ("the '388 patent"), 7,869,396 ("the '396 patent"), and 8,971,279 ("the '279 patent") (collectively, "the Asserted Patents").

2.     These Counterclaims arise from Plaintiffs' breach of contract and breach of the covenant of good faith and fair dealing.

3.     Plaintiffs and Plaintiffs' predecessors-in-interest with respect to the Asserted Patents, Nokia Corporation ("Nokia"), BlackBerry Limited ("BlackBerry") and Research in Motion, Ltd. ("RIM"), and LG Electronics Inc. ("LG") (collectively "Predecessors-In-Interest") undertook contractual obligations pursuant to the Intellectual Property Rights ("IPR") policies of the European Telecommunications Standards Institute ("ETSI").  Plaintiffs are bound by the ETSI

16

IPR contractual obligations that its predecessors-in-interest undertook with respect to the Asserted Patents.

## PARTIES

4.      HMD America, Inc. ("HMD America") is a corporation organized and existing under the laws of Florida, with its principal place of business at 1200 Brickell Ave., Suite 510, Miami, Florida 33131.

5.      HMD Global Oy is a corporation organized and existing under the laws of Finland, with its principal place of business at Bertel Jungin aukio 9, 02600 Espoo, Finland.

6.      On information and belief, based upon the allegations in the Complaint, Sisvel International S.A. ("Sisvel") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

7.      On information and belief, based upon the allegations in the Complaint, 3G Licensing S.A. ("3G Licensing") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

8.      On information and belief, based upon the allegations in the Complaint, Sisvel S.p.A. ("Sisvel S.p.A.") is an entity organized under the laws of Italy with a place of business at Via Sestriere 100, 10060 None (TO) Italy.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

10.     This Court has personal jurisdiction over Plaintiffs at least because Plaintiffs filed their Complaint in this jurisdiction and have asserted claims for patent infringement of the Asserted Patents against HMD and others in this jurisdiction.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  Plaintiffs have also consented to venue by filing this action in this judicial district.

## FACTUAL ALLEGATIONS

12.     On information and belief, Plaintiffs allege in the Complaint that Plaintiffs believe the Asserted Patents are essential to 3G and 4G cellular technology standards.  Plaintiffs have also alleged and/or admitted in other actions involving the same Asserted Patents that they are essential to 3G and 4G cellular technology standards or Plaintiffs believe the Asserted Patents are essential to 4G and 4G cellular standards.  *See, e.g., Sisvel Int'l, S.A., et. al. v. Cradlepoint, Inc.*, 1:20-cv-00649 (D. Del.); *Sisvel Int'l, S.A., et. al. v. Dell, Inc.*, 1:20-cv-00651 (D. Del.); *Sisvel Int'l, S.A., et. al. v. Honeywell Int'l, Inc.*, 1:20-cv-00652 (D. Del.); *Sisvel Int'l, S.A., et. al. v. Tesla, Inc.*, 1:20-cv-00655 (D. Del.); *Sisvel Int'l, S.A., et. al. v. Verifone, Inc.*, 1:20-cv-00656 (D. Del.); *Sisvel Int'l, S.A., et. al. v. Verifone, Inc.*, 1:20-cv-00656 (D. Del.).  These 3G and 4G cellular technology standards were established by ETSI, a standard setting organization (SSO).

13.     On information and belief, Plaintiffs are bound by ETSI IPR Policy to which the Asserted Patents are subject.  Plaintiffs allege in their Complaint that they acquired the Asserted Patents.  Plaintiffs and/or their Predecessors-In-Interest were members of ETSI.  For example, RIM, LG, and Sisvel declared the Asserted Patents to be essential.  Additionally, Plaintiffs now assert that Plaintiffs believe the Asserted Patents are standard essential patents (SEPs) and are thus subject to ETSI's IPR Policy.

14.     Clause 4.1 of the ETSI IPR Policy requires members, including Plaintiffs and their Predecessors-In-Interest, to disclose their relevant IPR during the development of a technical standard.  Clause 6.1 of ETSI IPR Policy also requires ETSI to request that members owning SEPs commit to license those patents on FRAND terms. Clause 6.1 of ETSI's IPR Policy states:

When an ESSENTIAL IPR relating to a particular STANDARD is brought to the attention of ETSI, the Director of ETSI shall immediately request the owner to give within three months an undertaking in writing that it is prepared to grant irrevocable licenses on fair, reasonable, and non-discriminatory terms and conductions under such IPR.

15.    ETSI's IPR Policy also states that the commitments to license on FRAND terms "shall be encumbrances that bind all successors-in-interest."

16.    On information and belief, Plaintiffs' and/or their Predecessors-In-Interest's ETSI membership and participation in standards setting activity created an express and/or implied contract with ETSI, its members, and third-party implementers.  Plaintiffs are contractually obligated to license the Asserted Patents on FRAND terms and conditions.  Each and every entity that markets products that comply with the 3G and/or 4G cellular standards promulgated by ETSI is an intended third-party beneficiary of these FRAND contractual commitments.

17.    Plaintiffs have failed to make any FRAND-compliant offers to license the Asserted Patents to HMD.  In particular, to the extent any of Plaintiffs offered to license the '070 patent, any purported offer was not based on FRAND terms at least because (a) Plaintiffs applied improper methodologies, (b) Plaintiffs vastly overestimate Plaintiff's share of all essential patents on relevant standards (c) Plaintiffs failed to account for patent expiry, (d) Plaintiffs applied an incorrect unit price, (e) any purported offer(s) was inconsistent with Sisvel's actual licensing revenue from the relevant licensing programs, and/or (f) any purported offer(s) was tied to a global patent pool and did not take into account regional differences in royalty rate, among other errors. During licensing discussions, HMD informed Sisvel International S.A. that HMD is willing to take licenses on FRAND terms and made a specific FRAND offer to license.  Furthermore, Plaintiffs did not make any offers to HMD to license the '383 patent, the '611 patent, the '653 patent, the '718 patent, the '625 patent, the '388 patent, the '396 patent, and the '279 patent prior to filing its Complaint.

19

18.     To the extent the Asserted Patents are SEPs as Plaintiffs contend, Plaintiffs have breached their FRAND obligations by failing to make any FRAND-compliant offers and refusing to license HMD at reasonable rates, with reasonable terms, and on a non-discriminatory basis.

19.     As a result of Plaintiffs' contractual breach, HMD has been unable to obtain licenses to the Asserted Patents.  If Plaintiffs had complied with their FRAND obligations, then Plaintiffs would not be able to bring a patent infringement claim against HMD.  Thus, Plaintiffs' conduct has injured HMD in its business and property.

### FIRST CAUSE OF ACTION (BREACH OF CONTRACT)

20.     HMD repeats and realleges each and every allegation of the preceding paragraphs 1-19 as if fully set forth herein.

21.     On information and belief, Plaintiffs' and/or their Predecessor-In-Interest's ETSI membership and participation in standards setting activity created an express and/or implied contract with ETSI, its members, and third-party implementers.  Plaintiffs are contractually obligated to license the Asserted Patents on FRAND terms and conditions.  Each and every entity that markets products that comply with the 3G and/or 4G cellular standards promulgated by ETSI is an intended third-party beneficiary of these FRAND contractual commitments.

22.     Plaintiffs have failed to make any FRAND-compliant offers to license the Asserted Patents to HMD.  In particular, to the extent any of Plaintiffs offered to license the '070 patent, any purported offer was not based on FRAND terms at least because (a) Plaintiffs applied improper methodologies, (b) Plaintiffs vastly overestimate Plaintiff's share of all essential patents on relevant standards (c) Plaintiffs failed to account for patent expiry, (d) Plaintiffs applied an incorrect unit price, (e) any purported offer(s) was inconsistent with Sisvel's actual licensing revenue from the relevant licensing programs, and/or (f) any purported offer(s) was tied to a global patent pool and did not take into account regional differences in royalty rate, among other errors.

20

During licensing discussions, HMD informed Sisvel International S.A. that HMD is willing to take licenses on FRAND terms and made a specific FRAND offer to license.  Furthermore, Plaintiffs did not make any offers to HMD to license the '383 patent, the '611 patent, the '653 patent, the '718 patent, the '625 patent, the '388 patent, the '396 patent, and the '279 patent prior to filing its Complaint.

23.     To the extent the Asserted Patents are SEPs as Plaintiffs contend, Plaintiffs have breached their FRAND obligations by failing to make any FRAND-compliant offers and refusing to license HMD at reasonable rates, with reasonable terms, and on a non-discriminatory basis.

24.     As a result of Plaintiffs' contractual breach, HMD has suffered harm though time and expense in preparing for licensing negotiations, in defending this action, as well as threatened loss of profits, customers, and goodwill.

**SECOND CAUSE OF ACTION**
**(BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)**

25.     HMD repeats and realleges each and every allegation of the preceding paragraphs 1-24 as if fully set forth herein.

26.     The FRAND commitment requires good faith behavior.  On information and belief, Article 1104 of the new French Civil Code dictates that contracts "must be negotiated, formed and performed in good faith."

27.     ETSI has internalized this requirement of good faith, instructing in its "Guide on IPRs," that license negotiations be conducted with "bilaterally in a friendly manner."  ETSI Guide on Intellectual Property Rights (IPRs), at Foreword, (Version #94 Sept. 19, 2013), http://www.etsi.org/images/files/IPR/etsi-guide-on-ipr.pdf.

28.     The requirement of good faith and fair dealing required Plaintiffs, among other things, to abide by, not circumvent, FRAND obligations.  Instead, Plaintiffs have acted in bad faith

21

by refusing to offer a license to their SEPs on FRAND terms.

29.     Plaintiffs have, accordingly, wrongfully and intentionally breached the covenant of good faith and fair dealing by denying HMD the benefits to which they are entitled under Plaintiffs FRAND obligations.

30.     As a result of Plaintiffs' breach, HMD has suffered harm though time and expense in preparing for licensing negotiations, in defending this action, as well as threatened loss of profits, customers, and goodwill.

**THIRD CAUSE OF ACTION (PROMISSORY ESTOPPEL)**

31.     HMD repeats and realleges each and every allegation of the preceding paragraphs 1-30 as if fully set forth herein.

32.     Plaintiffs and/or Plaintiffs' Predecessors-In-Interest made promises to potential licensees through their ETSI commitments that they would license their purported SEPs on FRAND terms, which Plaintiffs contend include the Asserted Patents.

33.     The intended purpose of Plaintiffs' and/or Plaintiffs' Predecessors-In-Interest's promises was to induce reliance.  They knew or should have reasonably expected that these promises would induce implementers and sellers of cellular devices to adopt the relevant technology and/or make and sell products and services compliant with 3G and 4G standards.

34.     Plaintiffs are estopped from withdrawing these promises to ETSI, their members, and third-party implementers under the doctrine of promissory estoppel.

35.     HMD has been harmed as a result of its and its suppliers' reasonable reliance on the promises of Plaintiffs and/or Plaintiffs' Predecessors-In-Interest.  HMD has expended time and resources in preparing for licensing negotiations, in defending this action, as well as threatened loss of profits, customers, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, HMD requests that the Court:

36.     Dismiss with prejudice Plaintiffs' claims against HMD;

37.     Enter judgment in favor of HMD and against Plaintiffs;

38.     Adjudge and decree that Plaintiffs are liable for breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel;

39.     Award to HMD for damages caused by Plaintiffs' breach of their FRAND obligations;

40.     Grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

41.     HMD hereby demands trial by jury on all issues so triable.

Dated:  October 2, 2020                    Respectfully submitted,

                                            */s/ Joseph W. Bain*
                                            JOSEPH W. BAIN, ESQ.
                                            Florida Bar No. 860360
                                            Email Address:  jbain@shutts.com
                                            **SHUTTS & BOWEN LLP**
                                            1100 CityPlace Tower
                                            525 Okeechobee Boulevard
                                            West Palm Beach, Florida 33401
                                            Telephone: (561) 835-8500
                                            Facsimile: (561) 650-8530

WILLIAM J. MCCABE, Esq.
*Admitted pro hac vice*
wmccabe@perkinscoie.com
GENE W. LEE, Esq.
*Admitted pro hac vice*
glee@perkinscoie.com
MATTHEW J. MOFFA, Esq.
*Admitted pro hac vice*
mmoffa@perkinscoie.com
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd floor
New York, NY 10036
Telephone: (212) 262-6900
Facsimile: (212) 977-1649

**ATTORNEYS FOR DEFENDANTS**
**HMD AMERICA, INC., AND**
**HMD GLOBAL OY**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of October, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which served a copy on the following:

Francesca Russo-Di Staulo, Esq.
Robert Ralph Jimenez, Esq.
Jorge Tadeo Espinosa, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone:  305-416-6880
Fax: 305-416-6887
Email: francesca.russo@gray-robinson.com
Email: robert.jimenez@gray-robinson.com
Email: jorge.espinosa@gray-robinson.com
**Attorneys for *Plaintiffs, Sisvel International S.A., 3g Licensing S.A., and Sisvel S.p.A.***

Elizabeth M. Manno
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: (303) 291-2397
Fax: (303) 291-2497
Email: ebanzhoff@perkinscoie.com

By:    */s/ Joseph W. Bain*
Joseph W. Bain
Florida Bar No. 860360
jbain@shutts.com