**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 1:20-cv-22051-DPG**

SISVEL INTERNATIONAL S.A.,

3G LICENSING S.A., and SISVEL S.p.A.,

Plaintiffs,

v.

HMD AMERICA, INC.,

and HMD GLOBAL OY,

Defendants.

**JURY TRIAL DEMANDED**

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs Sisvel International S.A., 3G Licensing S.A., and Sisvel S.p.A. ("Plaintiffs"), by their undersigned counsel, for their Answer to Defendants' Counterclaims filed by Defendants HMD America, Inc. and HMD Global OY ("HMD" or "Defendants"), state as follows:

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3) Plaintiffs deny all alegations in Defendants' counterclaims except those specifically admitted below:

**NATURE OF ACTION**

1.      Plaintiffs brought this action against HMD, asserting claims for patent infringement of U.S. Patent Nos. 7,979,070 ("the '070 patent"), 8,600,383 ("the '383 patent"), 8,189,611 ("the '611 patent"), 7,215,653 ("the '653 patent"), 7,319,718 ("the '718 patent"), 7,551,625 ("the '625 patent"), 7,580,388 ("the '388 patent"), 7,869,396 ("the '396 patent"), and 8,971,279 ("the '279 patent") (collectively, "the Asserted Patents").

**ANSWER:** Admitted.

1

2.      These Counterclaims arise from Plaintiffs' breach of contract and breach of the covenant of good faith and fair dealing.

**ANSWER:** Denied.

3.      Plaintiffs and Plaintiffs' predecessors-in-interest with respect to the Asserted Patents, Nokia Corporation ("Nokia"), BlackBerry Limited ("BlackBerry") and Research in Motion, Ltd. ("RIM"), and LG Electronics Inc. ("LG") (collectively "Predecessors-In-Interest") undertook contractual obligations pursuant to the Intellectual Property Rights ("IPR") policies of the European Telecommunications Standards Institute ("ETSI"). Plaintiffs are bound by the ETSI IPR contractual obligations that its predecessors-in-interest undertook with respect to the Asserted Patents.

**ANSWER:** Plaintiffs admit that any commitments to license on FRAND terms, should they exist and bind Plaintiffs, are limited to willing licensees.  To the extent further answer is necessary, Plaintiffs deny all remaining allegations contained in Paragraph 3.

## PARTIES

4.      HMD America, Inc. ("HMD America") is a corporation organized and existing under the laws of Florida, with its principal place of business at 1200 Brickell Ave., Suite 510, Miami, Florida 33131.

**ANSWER:** Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and thus deny the same.

5.      HMD Global Oy is a corporation organized and existing under the laws of Finland, with its principal place of business at Bertel Jungin aukio 9, 02600 Espoo, Finland.

**ANSWER:** Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and thus deny the same.

6.      On information and belief, based upon the allegations in the Complaint, Sisvel International S.A. ("Sisvel") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

**ANSWER:**  Admitted.

7.      On information and belief, based upon the allegations in the Complaint, 3G Licensing S.A. ("3G Licensing") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

**ANSWER:**  Admitted.

8.      On information and belief, based upon the allegations in the Complaint, Sisvel S.p.A. ("Sisvel S.p.A.") is an entity organized under the laws of Italy with a place of business at Via Sestriere 100, 10060 None (TO) Italy.

**ANSWER:**  Admitted.

### JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

**ANSWER:**  Paragraph 9 contains conclusions of law to which no response is required. To the extent an answer is required, Plaintiffs deny the allegations in Paragraph 9.

10.      This Court has personal jurisdiction over Plaintiffs at least because Plaintiffs filed their Complaint in this jurisdiction and have asserted claims for patent infringement of the Asserted Patents against HMD and others in this jurisdiction.

**ANSWER:**  Paragraph 10 contains conclusions of law to which no response is required. To the extent an answer is required, Plaintiffs do not challenge personal jurisdiction in this court.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  Plaintiffs

have also consented to venue by filing this action in this judicial district.

**ANSWER:**  Paragraph 11 contains conclusions of law to which no response is required.

To the extent an answer is required, Plaintiffs do not challenge venue in this court.

## FACTUAL ALLEGATIONS

12.     On information and belief, Plaintiffs allege in the Complaint that Plaintiffs

believe the Asserted Patents are essential to 3G and 4G cellular technology standards. Plaintiffs

have also alleged and/or admitted in other actions involving the same Asserted Patents that they

are essential to 3G and 4G cellular technology standards or Plaintiffs believe the Asserted

Patents are essential to 4G and 4G cellular standards. See, e.g., Sisvel Int'l, S.A., et. al. v.

Cradlepoint, Inc., 1:20-cv-00649 (D. Del.); Sisvel Int'l, S.A., et. al. v. Dell, Inc., 1:20-cv-00651

(D. Del.); Sisvel Int'l, S.A., et. al. v. Honeywell Int'l, Inc., 1:20-cv-00652 (D. Del.); Sisvel Int'l,

S.A., et. al. v. Tesla, Inc., 1:20-cv-00655 (D. Del.); Sisvel Int'l, S.A., et. al. v. Verifone, Inc.,

1:20-cv-00656 (D. Del.); Sisvel Int'l, S.A., et. al. v. Verifone, Inc., 1:20-cv-00656 (D. Del.).

These 3G and 4G cellular technology standards were established by ETSI, a standard setting

organization (SSO).

**ANSWER:**  Plaintiffs admit that their patents are essential to the 3G and 4G/LTE cellular

standards, and that any products that comply with those standards necessarily infringe Plaintiffs'

patents.  Plaintiffs deny the remaining allegations in Paragraph 12.

13.     On information and belief, Plaintiffs are bound by ETSI IPR Policy to which the

Asserted Patents are subject. Plaintiffs allege in their Complaint that they acquired the Asserted

Patents. Plaintiffs and/or their Predecessors-In-Interest were members of ETSI.  For example,

RIM, LG, and Sisvel declared the Asserted Patents to be essential.  Additionally, Plaintiffs now

assert that Plaintiffs believe the Asserted Patents are standard essential patents (SEPs) and are thus subject to ETSI's IPR Policy.

**ANSWER:**  Plaintiffs admit that their patents are essential to the 3G and 4G/LTE cellular standards, and that any products that comply with those standards necessarily infringe Plaintiffs' patents.  Plaintiffs further admit that any commitments to license on FRAND terms, should they exist and bind Sisvel, are limited to willing licensees.  Plaintiffs deny the remaining allegations in Paragraph 13.

14.     Clause 4.1 of the ETSI IPR Policy requires members, including Plaintiffs and their Predecessors-In-Interest, to disclose their relevant IPR during the development of a technical standard. Clause 6.1 of ETSI IPR Policy also requires ETSI to request that members owning SEPs commit to license those patents on FRAND terms.  Clause 6.1 of ETSI's IPR Policy states:

> When an ESSENTIAL IPR relating to a particular STANDARD is brought to the attention of ETSI, the Director of ETSI shall immediately request the owner to give within three months an undertaking in writing that it is prepared to grant irrevocable licenses on fair, reasonable, and non-discriminatory terms and conductions under such IPR.

**ANSWER:**  Plaintiffs admit that the quoted section comes from Clause 6.1 of the ETSI IPR policy, but that the remaining allegations in Paragraph 14 are a misstatement of that policy and therefore deny these remaining allegations in Paragraph 14.

15.     ETSI's IPR Policy also states that the commitments to license on FRAND terms "shall be encumbrances that bind all successors-in-interest."

**ANSWER:**  Denied.  Defendants misstate Clause 6.1 of ETSI's IPR Policy.

16.     On information and belief, Plaintiffs' and/or their Predecessors-In-Interest's ETSI membership and participation in standards setting activity created an express and/or

implied contract with ETSI, its members, and third-party implementers. Plaintiffs are contractually obligated to license the Asserted Patents on FRAND terms and conditions.  Each and every entity that markets products that comply with the 3G and/or 4G cellular standards promulgated by ETSI is an intended third-party beneficiary of these FRAND contractual commitments.

> **ANSWER:**  Plaintiffs admit that any commitments to license on FRAND terms, should they exist and bind Plaintiffs, are limited to willing licensees.  The remaining allegations of Paragraph 16 are conclusions of law to which no answer is required.  To the extent that an answer is required, Plaintiffs deny all remaining allegations contained in Paragraph 16.

17.     Plaintiffs have failed to make any FRAND-compliant offers to license the Asserted Patents to HMD. In particular, to the extent any of Plaintiffs offered to license the '070 patent, any purported offer was not based on FRAND terms at least because (a) Plaintiffs applied improper methodologies, (b) Plaintiffs vastly overestimate Plaintiff's share of all essential patents on relevant standards (c) Plaintiffs failed to account for patent expiry, (d) Plaintiffs applied an incorrect unit price, (e) any purported offer(s) was inconsistent with Sisvel's actual licensing revenue from the relevant licensing programs, and/or (f) any purported offer(s) was tied to a global patent pool and did not take into account regional differences in royalty rate, among other errors.  During licensing discussions, HMD informed Sisvel International S.A. that HMD is willing to take licenses on FRAND terms and made a specific FRAND offer to license. Furthermore, Plaintiffs did not make any offers to HMD to license the '383 patent, the '611 patent, the '653 patent, the '718 patent, the '625 patent, the '388 patent, the '396 patent, and the '279 patent prior to filing its Complaint.

**ANSWER:**  Plaintiffs admit that they have not made any explicit offers to HMD to license the '383, '611, '653, '718, '625, '388 or '396 patents.  Plaintiffs deny that they failed to make any FRAND-compliant offers to license the Asserted Patents, in particular concerning the '070 patent and other patents.  Plaintiffs deny the remaining allegations in Paragraph 17.

18.     To the extent the Asserted Patents are SEPs as Plaintiffs contend, Plaintiffs have breached their FRAND obligations by failing to make any FRAND-compliant offers and refusing to license HMD at reasonable rates, with reasonable terms, and on a non-discriminatory basis.

**ANSWER:**  Denied.

19.     As a result of Plaintiffs' contractual breach, HMD has been unable to obtain licenses to the Asserted Patents.  If Plaintiffs had complied with their FRAND obligations, then Plaintiffs would not be able to bring a patent infringement claim against HMD.  Thus, Plaintiffs' conduct has injured HMD in its business and property.

**ANSWER:**  Denied.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Breach of Contract)

20.     HMD repeats and realleges each and every allegation of the preceding paragraphs 1-19 as if fully set forth herein.

**ANSWER:**  Plaintiffs repeat their answers to paragraphs 1 through 19 by reference as if fully set forth herein.

21.     On information and belief, Plaintiffs' and/or their Predecessor-In-Interest's ETSI membership and participation in standards setting activity created an express and/or implied contract with ETSI, its members, and third-party implementers.  Plaintiffs are contractually

obligated to license the Asserted Patents on FRAND terms and conditions.  Each and every entity that markets products that comply with the 3G and/or 4G cellular standards promulgated by ETSI is an intended third-party beneficiary of these FRAND contractual commitments.

**ANSWER:**  Plaintiffs admit that any commitments to license on FRAND terms, should they exist and bind Plaintiffs, are limited to willing licensees.  The remaining allegations of Paragraph 21 are conclusions of law to which no answer is required.  To the extent that an answer is required, Plaintiffs deny all remaining allegations contained in Paragraph 21.

22.    Plaintiffs have failed to make any FRAND-compliant offers to license the Asserted Patents to HMD.  In particular, to the extent any of Plaintiffs offered to license the '070 patent, any purported offer was not based on FRAND terms at least because (a) Plaintiffs applied improper methodologies, (b) Plaintiffs vastly overestimate Plaintiff's share of all essential patents on relevant standards (c) Plaintiffs failed to account for patent expiry, (d) Plaintiffs applied an incorrect unit price, (e) any purported offer(s) was inconsistent with Sisvel's actual licensing revenue from the relevant licensing programs, and/or (f) any purported offer(s) was tied to a global patent pool and did not take into account regional differences in royalty rate, among other errors.  During licensing discussions, HMD informed Sisvel International S.A. that HMD is willing to take licenses on FRAND terms and made a specific FRAND offer to license.  Furthermore, Plaintiffs did not make any offers to HMD to license the '383 patent, the '611 patent, the '653 patent, the '718 patent, the '625 patent, the '388 patent, the '396 patent, and the '279 patent prior to filing its Complaint.

**ANSWER:**  Plaintiffs admit that they have not made any explicit offers to HMD to license the '383, '611, '653, '718, '625, '388 or '396 patents.  Plaintiffs deny that they failed to

make any FRAND-compliant offers to license the Asserted Patents, in particular concerning the '070 patent and other patents.  Plaintiffs deny the remaining allegations in Paragraph 22.

23.     To the extent the Asserted Patents are SEPs as Plaintiffs contend, Plaintiffs have breached their FRAND obligations by failing to make any FRAND-compliant offers and refusing to license HMD at reasonable rates, with reasonable terms, and on a non-discriminatory basis.

**ANSWER:**  Denied.

24.     As a result of Plaintiffs' contractual breach, HMD has suffered harm though time and expense in preparing for licensing negotiations, in defending this action, as well as threatened loss of profits, customers, and goodwill.

**ANSWER:**  Denied.

**SECOND CAUSE OF ACTION**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

25.     HMD repeats and realleges each and every allegation of the preceding paragraphs 1-24 as if fully set forth herein.

**ANSWER:**  Plaintiffs repeat their answers to paragraphs 1 through 24 by reference as if fully set forth herein.

26.     The FRAND commitment requires good faith behavior.  On information and belief, Article 1104 of the new French Civil Code dictates that contracts "must be negotiated, formed and performed in good faith."

**ANSWER:**  Plaintiffs admit that Defendants quote one translation of the new French Civil Code.  Plaintiffs deny the remaining allegations in Paragraph 26.

27.     ETSI has internalized this requirement of good faith, instructing in its "Guide on IPRs," that license negotiations be conducted with "bilaterally in a friendly manner."  ETSI

Guide on Intellectual Property Rights (IPRs), at Foreword, (Version #94 Sept. 19, 2013), http://www.etsi.org/images/files/IPR/etsi-guide-on-ipr.pdf.

**ANSWER:**  Plaintiffs admit that Defendants quote from ETSI's Guide on Intellectual Property Rights.  Plaintiffs deny the remaining allegations in Paragraph 27.

28.      The requirement of good faith and fair dealing required Plaintiffs, among other things, to abide by, not circumvent, FRAND obligations. Instead, Plaintiffs have acted in bad faith by refusing to offer a license to their SEPs on FRAND terms.

**ANSWER:**  Plaintiffs admit that the requirement of good faith and fair dealing require Plaintiffs to abide by its FRAND obligations for willing licensees.  Plaintiffs deny the remaining allegations in Paragraph 28.

29.      Plaintiffs have, accordingly, wrongfully and intentionally breached the covenant of good faith and fair dealing by denying HMD the benefits to which they are entitled under Plaintiffs FRAND obligations.

**ANSWER:**  Denied.

30.      As a result of Plaintiffs' breach, HMD has suffered harm though time and expense in preparing for licensing negotiations, in defending this action, as well as threatened loss of profits, customers, and goodwill.

**ANSWER:**  Denied.

**THIRD CAUSE OF ACTION**
**(Promissory Estoppel)**

31.      HMD repeats and realleges each and every allegation of the preceding paragraphs 1-30 as if fully set forth herein.

**ANSWER:**  Plaintiffs repeat their answers to paragraphs 1 through 30 by reference as if fully set forth herein.

10

32.     Plaintiffs and/or Plaintiffs' Predecessors-In-Interest made promises to potential licensees through their ETSI commitments that they would license their purported SEPs on FRAND terms, which Plaintiffs contend include the Asserted Patents.

**ANSWER:** Plaintiffs admit that any commitments to license on FRAND terms, should they exist and bind Plaintiffs, are limited to willing licensees. Plaintiffs deny the remaining allegations in Paragraph 32.

33.     The intended purpose of Plaintiffs' and/or Plaintiffs' Predecessors-In-Interest's promises was to induce reliance. They knew or should have reasonably expected that these promises would induce implementers and sellers of cellular devices to adopt the relevant technology and/or make and sell products and services compliant with 3G and 4G standards.

**ANSWER:** Denied.

34.     Plaintiffs are estopped from withdrawing these promises to ETSI, their members, and third-party implementers under the doctrine of promissory estoppel.

**ANSWER:** Plaintiffs admit that any commitments to license on FRAND terms, should they exist and bind Plaintiffs, are limited to willing licensees. Plaintiffs deny the remaining allegations in Paragraph 34.

35.     HMD has been harmed as a result of its and its suppliers' reasonable reliance on the promises of Plaintiffs and/or Plaintiffs' Predecessors-In-Interest. HMD has expended time and resources in preparing for licensing negotiations, in defending this action, as well as threatened loss of profits, customers, and goodwill.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof, Plaintiffs assert the following defenses.

### FIRST DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

Defendants' counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Waiver)

Defendants' counterclaims are barred by the doctrine of waiver.

### THIRD DEFENSE
### (Unclean Hands)

Defendants' counterclaims are barred by the doctrine of unclean hands.

### FOURTH DEFENSE
### (Failure to Mitigate)

Defendants' counterclaims are barred by its failure to mitigate its claimed damages.

### FIFTH DEFENSE
### (Failure to Satisfy a Condition Precedent)

Defendants' counterclaims are barred because HMD failed to satisfy a condition precedent.

### SIXTH DEFENSE
### (Standing)

Defendants' counterclaims are barred because HMD lacks standing to bring counterclaims

on behalf of ETSI, or members of ETSI.

### SEVENTH DEFENSE
### (Joinder)

Defendants' counterclaims are barred for failure to join all necessary parties.

### EIGHTH DEFENSE
### (Unwilling Licensee)

Defendants' counterclaims are barred because HMD is not a willing licensee.

Dated:  October 23, 2020

/s/ Jorge Espinosa
Jorge Espinosa, Esq.
Florida Bar No: 779032
jorge.espinosa@gray-robinson.com
Francesca Russo, Esq.
francesca.russo@gray-robinson.com
Robert R. Jimenez, Esq.
robert.jimenez@gray-robinson.com
**GRAY | ROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 300
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887

*Attorneys for Plaintiffs*
*SISVEL INTERNATIONAL S.A.,*
*3G Licensing, S.A., and SISVEL S.p.A*