**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO. 20-22051-CIV-GAYLES/OTAZO-REYES**

SISVEL INTERNATIONAL S.A., 3G
LICENSING S.A., and SISVEL S.p.A.,

       Plaintiffs,

v.

HMD AMERICA, INC. and HMD
GLOBAL OY,

       Defendants.

_____/

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and by their respective undersigned counsel, that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to each of the respective above-captioned actions. Although submitted jointly in connection with each of the above-captioned actions, each such action shall be treated as separate and independent in terms of the protection of a party's confidential information, and, unless specifically provided for in this Stipulation and Order, nothing in this Stipulation and Order shall be construed to permit access by a party in one of the above-captioned actions to the confidential information produced by a party in another of the actions absent agreement of the producing party and/or separate order of the Court.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

**PROCEDURES FOR PROTECTION OF**
**CONFIDENTIAL AND PROPRIETARY INFORMATION**

1. <u>**DEFINITIONS**</u>

1.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

1.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party believes in good faith includes information not generally known to others and that it (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or

2

(ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, including without limitation information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    1.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

    1.4    <u>Data Breach</u>: Any accidental, unlawful, or unauthorized destruction, alteration, disclosure, misuse, loss, theft, access, copying, use, modification, disposal, compromise, or access to Protected Material or any act or omission that compromises or undermines the physical, technical, or organizational safeguards put in place by receiving party in processing or possessing Producing Party's Protected Material.

    1.5    <u>Designated In-House Legal Personnel</u>: Up to three (3) In-House Legal Personnel responsible for managing one of the above-captioned litigations who have been identified as Designated In-House Legal Personnel to the other Party in the case(s) for which the Designated In-House Legal Personnel is to be designated, who have been approved pursuant to Section 6.5, below, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). For clarity, Designated In-House Legal Personnel need not be identified to or approved under Section 6.5 by any Party in the above-captioned cases that is a Non-Party to the action in which the Designated In-House Legal Personnel is to participate.

    1.6    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.7    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the above-captioned actions.

1.8    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the respective litigations who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in one or more of the above-captioned actions, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.9    <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items</u>: sensitive and/or trade secret "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a risk of significant harm.

1.10    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items" representing source code or other human-readable computer code, object code, and documents that include source code, other human-readable computer code, and/or object code, as well as associated comments and revision histories and/or documents that include such information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This includes, but is not limited to, files in programming languages such as C++, Java, and Flash. For the avoidance of doubt, the Producing Party may designate as source code make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware.

1.11    <u>In-House Legal Personnel</u>: attorneys or other personnel employed by the legal

department of a Party to one of the above-captioned actions and who are responsible for managing one of the above-captioned actions. In-House Personnel does not include Outside Counsel of Record or any other outside counsel.

1.12    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to an above-captioned action in question. A defendant in one of the above-captioned actions shall be deemed a Party to that action but a Non-Party to the other actions.

1.13    Outside Counsel of Record: attorneys who are not employees of a Party to an above-captioned action but are retained to represent or advise a Party to that action and have appeared in the action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.14    Party: a party to an above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff members).

1.15    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in an above-captioned action.

1.16    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.17    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.18    Receiving Party: a Party that receives Disclosure or Discovery Material from a

Producing Party and/or a Designating Party.

1.19    <u>Relevant Technology</u>: 3G and 4G cellular technology concerning cell connection, reconnection, or reselection; resolving contention among wireless communications connections between a mobile device and a wireless network; controlling a data transmission rate on a reverse link; coding information; scheduling an uplink packet transmission for user equipment; transmitting control information from a mobile terminal in a network; automatic repeat requests; deactivating semi-persistent scheduling transmission; and any technology disclosed in technical HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material reviewed.

## 2.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

For clarity, nothing herein shall affect the right of the Designating Party to disclose its own information as it sees fit. Such disclosure shall not waive the protections of this Protective Order

and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure by the Designating Party the information has become public knowledge. Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by another Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 3.   **DURATION**

Even after final disposition of each of the above-captioned actions, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 4.   **DESIGNATING PROTECTED MATERIAL**

4.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation and shall produce an appropriately marked substitute version of the information or items.

4.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires that:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials, other than source code (the treatment of which is governed by Section 8 below), available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material, other than source code, made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page of documents that contain Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings,

8

the Designating Party either identify on the record, before the close of the deposition, hearing, or other proceeding, or within 72 hours of the deposition or other pretrial or trial proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to place the entirety of the testimony under the protection of this Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)     for information produced in some form other than documentary and for any other tangible items, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.3     <u>Failures to Designate</u>. If timely corrected after recognition by a Producing Party of failure to designate, failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation after recognition by a Producing Party, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.4     <u>Right to Seek Additional Protections.</u> This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

5.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   5.3 <u>Judicial Intervention</u>. Except as provided otherwise below, and subject to compliance with the meet and confer requirement of the preceding paragraph, if the Parties cannot resolve a challenge without court intervention, the Challenging Party may contact the Court pursuant to Section 4(f) of the Scheduling Order within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each motion filed pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and <u>confer</u> requirements imposed in the preceding paragraph. Once written notice of a challenge is provided as specified above, failure by the Challenging Party to contact the Court pursuant to Section 4(f) of the Scheduling Order, within 21 days or 14 days, whichever is applicable, or to include the required declaration, shall automatically waive a challenge to the confidentiality designation for each challenged designation.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1    <u>Basic Principles</u>. Absent further Order from the Court, the Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with an above-captioned action only for prosecuting, defending, or attempting to settle that particular action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

The Receiving Party shall have and maintain appropriate physical, organizational, and technical processes, security standards, guidelines, controls, and procedures to protect against a Data Breach ("Appropriate Safeguards"), and shall ensure that its Professional Vendors, Experts and any other person or entity that receives protected material pursuant to the Stipulated Protective Order implements and maintains Appropriate Safeguards. Unless otherwise agreed, sensitive financial information, summaries or information from those summaries derived from "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" materials must be password protected when in digital format. Unless otherwise agreed, any financial materials or summaries transmitted from or to authorized recipients outside of Receiving Party's Outside Counsel's office shall, if sent electronically, be encrypted or sent using secure transport with a password or, if not sent electronically, shall be delivered either by hand or through next-day or overnight transport. Sensitive financial information subject to this paragraph shall not include license rates or terms.

6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

(b)     Designated In-House Legal Personnel of the Receiving Party to whom disclosure is reasonably necessary for the litigation in which said information is produced;

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which said information is produced (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and as to whom there is a reasonable basis for believing either that such witness would be authorized to receive such information under this Protective Order, that such witness was an author or prior recipient of such information, or that such witness is identified by the Designating Party under Rule 30(b)(6) as a witness with knowledge to testify with respect to the subject matter of such a document, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to

anyone except as permitted under this Stipulated Protective Order; and

(g)     the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information.

6.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in that particular litigation;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which such information is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(e)     the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or, during their deposition, a person who is identified by the Designating Party under Rule 30(b)(6) as a witness with knowledge to testify with respect to the subject matter of such a document.

6.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following persons:

      (a)    the Receiving Party's Outside Counsel of Record in the above-captioned action in which it is produced as well as employees of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for that particular litigation;

      (b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which it is produced, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been followed; and

      (c)    the court and its personnel;

      (d)    court reporters and their staff; and

      (e)    the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or, during their deposition, a person who is identified by the Designating Party under Rule 30(b)(6) as a witness with knowledge to testify with respect to the subject matter of such a document.

    6.5    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts and Designated In-House Legal Personnel.

      (a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 6.2(c), 6.3(b) and 6.4(b) or that seeks to disclose to a Designated In-House Legal Personnel any information or item that has been designated "CONFIDENTIAL" pursuant to paragraphs 6.2(b), first must make a written request via e-mail to the Designating Party's Outside Counsel of Record. In the case of an Expert, the written request via email must: (1) set forth the full name of the Expert and the city and state of his or her primary residence, (2) attach a copy of the Expert's current resume, including a list of publications from the past ten years, (3) identify, for the past 5 years, any employment or consulting engagements with competitors in the Relevant Technology or in the Designating Party's field of business, and (4) identify (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years. In the case of a Designated In-House Legal Personnel, the written request via e-mail shall include: (1) the full name of the Designated In-House Legal Personnel and the city and state of his or her primary residence, (2) identify their position at the Receiving Party, and (3) provide a brief, non-privileged description of their regular duties at the Receiving Party. The Designating Party shall have five (5) business days after confirmed receipt of such notice to object in writing via e-mail to the Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the Expert or Designated In-House Legal Personnel. A Designating Party shall not object or otherwise refuse to approve an Expert or Designated In- House Legal Personnel without cause or for the purpose of delay.

(b)     A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material

to the identified Expert or Designated In-House Legal Personnel until expiration of the 10-day notice period. Any such objection must set forth in detail the grounds on which it is based. If during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the Expert or Designated In-House Legal Personnel, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

(c)     A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) business days after the written objection is served. The Designating Party shall then have twenty-one (21) business days after such objection is served to, if no agreement is reached, contact the Court. Any motion filed pursuant to this paragraph must describe the circumstances with specificity, and must set forth in detail the reasons why the disclosure to the Expert or Designated In-House Legal Personnel should not be made. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert or Designated In-House Legal Personnel until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert and/or that employees the Designated In-House Legal Personnel, but need not be forwarded to any other Party.

In any such proceeding, the Designating Party opposing disclosure to a Designated

In- House Legal Personnel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to a particular Designated In-House Legal Personnel.

6.6     It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content of such information. Outside Counsel can provide advice or opinions to a Party, but must do so in a way that does not reveal "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that is unavailable to Designated In-House Legal Personnel. Outside Counsel may discuss documents available to Designated In-House Legal Personnel with Designated In-House Legal Personnel to whom such documents are available. For the avoidance of doubt, nothing in this provision permits the use or disclosure by a party in one of the above-captioned actions of Protected Material originally produced by a Defendant in another of the above-captioned actions absent agreement of the producing Defendant and/or separate order of the Court.

6.7     Nothing in this Stipulation and Order shall be construed as preventing Outside Counsel for defendants in any of the above-captioned actions from discussing amongst themselves any of plaintiffs' information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to which each such Outside Counsel individually has lawful access through plaintiffs' productions

18

and/or disclosures in the respective actions.

7.      **PROSECUTION BAR**

7.1     <u>Prosecution Bar</u>. Individuals (1) associated with a Plaintiff who review any technical HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material or who reviews summaries or other descriptions of such materials, or (2) associated with a Defendant who review any technical HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material produced by a Non-Party or who reviews summaries or other descriptions of such materials, are prohibited from participating in the prosecution of a patent application involving Relevant Technology if such prosecution (e.g., patent application filing) was commenced before or during the pendency of this action or less than two years following the final termination of <u>this</u> action (including any appeals). This prosecution bar does not prevent an individual from participating in a reexamination, *inter partes* review, or other post-grant review proceedings involving the patents-at-issue or patents related thereto. Information from these actions cannot be used in any other patent prosecution action.

8.      **SOURCE CODE**

(a)      To the extent review of source code becomes necessary in this case, a Producing Party may designate source code or other human-readable computer code, object code, and documents that include source code, other human-readable computer code, and/or object code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret code. This includes, but is not limited to, files in programming languages such as C++, Java, and Flash.  For the avoidance of doubt, the Producing Party may designate as source code make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware. Production or designation of

Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be construed as a representation or admission by a party that such Protected Material is properly discoverable in this action, nor does the inclusion of the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation as part of this agreement obligate any party to produce "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals as set forth in Paragraph 6.4. The following additional restrictions shall apply to the inspection and production of Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," unless otherwise advised by the Producing Party or otherwise Ordered by the Court:

(c)     Any source code produced in discovery shall be made available for inspection, in electronic (e.g., native) format. The Producing Party shall produce source code for inspection in electronic (e.g., native) format at a location agreed on by the parties. A request to inspect source code shall identify with specificity the code requested to be reviewed and provide at least twenty-one (21) calendar days' written (including email) notice as to when the requesting party would like the inspection to begin. Thereafter, any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 6:00 P.M. local time) on five (5) calendar days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(d)     Source code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

20

(i)      The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device absent prior agreement of the Producing Party. No laptops, phones, cameras, internet, network access, external, or other electronic or recording devices be allowed in the source code review room, and the door to the secured room shall remain open during the review.

(ii)      The electronic source code shall be produced as it is kept in the ordinary course of business, or as it would be collected in the ordinary course of business. The Receiving Party's Outside Counsel and/or Experts shall be entitled to take handwritten notes relating to the source code. Such notes shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE". Such notes may include excerpts of the source code when reasonably necessary to guide the note taker's use of later-requested paper copies of the source code. Otherwise, no copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided in this Protective Order. Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order.

(iii)      If licensed copies of utilities that allow counsel and experts to view and search the source code are made available (and not objected to) at least 21 days before code review commences, the Producing Party shall load these utilities on the review computer. Appropriate utilities include those that provide the ability to (a) view, search, and line-number any source file, and (b) search for a given pattern of text through a number of files.

(iv)      The Receiving Party may request three (3) paper copies of reasonable portions of the source code up to a maximum of 500 pages total and up to a maximum

of 25 pages of consecutive code.  The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. If the Receiving Party wishes to print any amount of pages beyond these limits, the Parties shall confer in good faith about such request. The Receiving Party shall only request code that is identified as being necessary during review of the source code made available on the review machine and shall not request printing of source code to substitute for reviewing the code in the first instance.

The Producing Party shall print, label such files with the file's complete path name, and append production numbers and the designation "HIGHLY CONFIDENTIAL – SOURCE CODE". Such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page. The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times. The copies shall not be taken outside the United States. The Receiving Party can request additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition.

(v)     Except as provided in this Protective Order, no electronic copies of the source code shall be made by the Receiving Party.

(vi)     Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly. The Producing Party shall not be

responsible for any items left in the source code viewing room.

(vii)    Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers, and the Party that brought the source code to the deposition will keep possession of the marked deposition source code exhibit. If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in its marked form and provide one copy to Outside Counsel for the other Party.

(viii)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal. Unless agreed by the parties, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead).

9.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that may require disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)     within 10 days of being served with the subpoena, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     within 10 days of being served with the subpoena, notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL –SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Other Proceedings. By entering this order and limiting the disclosure of information in each of the respective above-captioned actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCECODE" pursuant to this order shall promptly notify that party of the motion so that the Designating Party may have an

opportunity to appear and be heard on whether that information should be disclosed.

10.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in an above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with that particular litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including in the jurisdiction where the Non-Party is located.

11.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom the unauthorized disclosure was made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

While a Receiving Party must follow the procedure set forth in this Section for addressing unauthorized disclosure of protected material, doing so does not preclude the Designating Party from seeking further relief for the Receiving Party's improper disclosure.

12.    **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client

privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any Producing Party (or Non-Party) may have produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth in this Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the production or disclosure sends to each Receiving Party a written request for return of the produced or disclosed document or thing within a reasonably prompt period of time. Within five (5) business days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work- product immunity, or other privilege or immunity and as having been produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation").

(b)     Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     Within seven (7) business days after receiving such description, the Receiving Party

26

may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed. Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court. The Producing party must provide the Court under seal the produced, disputed documents or things.

(d)     With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertently produced document or thing, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work- product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)     The procedures set forth in this Section 12 for challenging the privileged status of a production shall not themselves operate as waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for a disclosure or production if the Producing Party complies with the procedures set forth in this Section 12 with respect to such inadvertent disclosure or production.

**13.     <u>MISCELLANEOUS</u>**

13.1     <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the Southern District of Florida. The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Protective Order shall comply with the provisions set forth in this Protective Order, including the procedures for filing and marking such materials as set forth above.  Any Party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Protective Order shall give written notice of its objection to the Designating Party. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13.4    <u>Service by Email Permitted</u>. The parties hereby consent that all documents required to be served in this case may be served by an email directed to the opposing party's Outside Counsel of Record, except that filings including any source code may not be sent via email and must be served in an alternative way agreed to by the parties.

**14.    <u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of an above-captioned action, as defined in paragraph 3, each Receiving Party in that action must return all Protected Material to the Producing

Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material. Notwithstanding this provision, Outside Counsel for the Receiving Party is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, and attorney work product. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

DONE AND ORDERED in Chambers at Miami, Florida this 4th day of March, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Darrin P. Gayles
       Counsel of Record

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware on [date] in the case of *Sisvel International S.A., 3G Licensing S.A., and Sisvel S.p.A. v. HMD America, Inc. and HMD Global OY*, Civil Case No. 1:20-cv-22051-DPG ("the Action"). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt, as well as possible claims by a party or third-party whose protected information was improperly disclosed. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____