UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:20-cv-22051-DPG

SISVEL INTERNATIONAL S.A., 3G
LICENSING S.A., and SISVEL S.p.A.,

        Plaintiffs,

v.

HMD AMERICA, INC. and HMD
GLOBAL OY,

        Defendants.

_____/

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION REQUESTING CLARIFICATION ON
PAGE LIMITS FOR CLAIM CONSTRUCTION BRIEFING**

Defendants HMD AMERICA, INC., and HMD GLOBAL OY ("Defendants"), respectfully respond to Plaintiffs' Motion Requesting Clarification On Page Limits For Claim Construction Briefing ("Motion"; Dkt. 54) as follows:

The 20-page limit of Local Rule 7.1(c)(2) applies to motions and their incorporated memoranda and opposing memoranda. Claim construction briefs are not motions and therefore are not subject to that page limit. Therefore, Defendants believe that Plaintiffs' Motion is unnecessary but do not oppose the relief requested.

It is evident that the parties did not view claim construction briefs as being motions and related memoranda that are subject to Local Rule 7.1. The parties negotiated and proposed to the Court and the Court adopted a multi-step process for claim construction that is different from the process of briefing motions—which included, for example, identification of asserted patent claims, exchange of claim terms for construction, exchange of proposed constructions, and three

rounds of briefs simultaneously filed by both parties.  *See* proposed schedule in the Local Rule 16.1(b)(2) Joint Conference Report (Dkt. 24), Proposed Amended Scheduling Order (Dkt. 34), and Scheduling Order (Dkt. 35).  That process as proposed by the parties and ordered by the Court did not include any page limits for briefing.  *Id.*  Another departure from Local Rule 7.1 is that the parties' Opening Claim Construction Briefs did not include a certification about a pre-filing conference under Local Rule 7.1(a)(3) (Dkts. 47, 48).

There were and are good reasons why the 20-page limit of Local Rule 7.1(c)(2) should not apply to the claim construction briefs in this case.  This is a complex patent case of unusually large scope because Plaintiffs have asserted nine unrelated patents that involve different aspects of cellular communications technologies.  The pre-briefing steps relating to claim construction (that is, identification of asserted patent claims, exchange of claim terms for construction, exchange of proposed constructions) allowed the parties to narrow the disputed issues.  As a result, the parties' opening claim construction briefs address disputed claim terms from six of the nine asserted patents being discussed in (Dkts. 47, 48).

The disputed claim terms involve technical terms that are not normally used by lay people or terms that are used differently from how lay people use them.  As such, they require substantial explanation regarding the background technology at issue and the meanings of the terms themselves.  (In contrast, Plaintiffs have not attempted to explain the meanings for nearly all of the disputed claim terms, asserting that "no construction is needed.")  As a result, some other District Courts that handle a high volume of patent litigation either do not have page limits for claim construction briefs or have liberal page limits.  For example, the Western District of Texas, Waco Division, which has the most patent cases in the country, allows for 35-page opening and responsive claim construction briefs for six patents.  *See*

https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Order%20Governing%20Proceedings%20-%20Patent%20Cases%20022620.pdf at 4 (for cases with more than five patents, the page limit for opening and responsive briefs is "30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages").

If the Court were to disagree with the parties and find that claim construction briefs are subject to the 20-page limit of Local Rule 7.1(c)(2), HMD respectfully submits that good cause exists to enlarge the limit to 35 pages for opening and responsive briefs, for the reasons explained above.

Dated:  March 9, 2021

Respectfully submitted,

*/s/ Joseph W. Bain*
JOSEPH W. BAIN, ESQ.
Florida Bar No. 860360
Email Address:  jbain@shutts.com
Secondary Email:  hmdteam@shutts.com
**SHUTTS & BOWEN LLP**
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

**ATTORNEYS FOR DEFENDANTS**
**HMD AMERICA, INC., AND**
**HMD GLOBAL OY**

WILLIAM J. MCCABE, ESQ.
*Admitted pro hac vice*
wmccabe@perkinscoie.com
GENE W. LEE, ESQ.
*Admitted pro hac vice*
glee@perkinscoie.com
MATTHEW J. MOFFA, ESQ.
*Admitted pro hac vice*
mmoffa@perkinscoie.com
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd floor
New York, NY 10036
Telephone: (212) 262-6900
Facsimile: (212) 977-1649

SHYAMKRISHNA PALAIYANUR, ESQ.
*Admitted pro hac vice*
SPalaiyanur@perkinscoie.com
**PERKINS COIE LLP**
500 W 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (737) 256-6100
Facsimile: (737) 256-6300

**ATTORNEYS FOR DEFENDANTS**
**HMD AMERICA, INC., AND**
**HMD GLOBAL OY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which served a copy on the following:

Francesca Russo-Di Staulo, Esq.
Robert Ralph Jimenez, Esq.
Jorge Tadeo Espinosa, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: 305-416-6880
Fax: 305-416-6887
Email: francesca.russo@gray-robinson.com
Email: robert.jimenez@gray-robinson.com
Email: jorge.espinosa@gray-robinson.com
**Attorneys for** *Plaintiffs, Sisvel International S.A., 3g Licensing S.A., and Sisvel S.p.A.*

By: */s/ Joseph W. Bain*
Joseph W. Bain
Florida Bar No. 860360
jbain@shutts.com