**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Civil Action No. 1:20-cv-22051-GAYLES/OTAZO-REYES

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., 3G LICENSING S.A., and SISVEL S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> HMD AMERICA, INC., and HMD GLOBAL OY, <br><br> Defendants. | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Dated: August 3, 2021

Timothy Devlin (Pro hac vice)
tdevlin@devlinlawfirm.com
Neil Benchell, Esq. (Pro hac vice)
nbenchell@devlinlawfirm.com
Stephanie Berger, Esq. (Pro hac vice)
Sberger@devlinlawfirm.com
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Jorge Espinosa, Esq.
Florida Bar No: 779032
jorge.espinosa@gray-robinson.com
Francesca Russo, Esq.
francesca.russo@gray-robinson.com
Robert R. Jimenez, Esq.
robert.jimenez@gray-robinson.com
**GRAY | ROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 300
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887

*Attorneys for Plaintiffs
Sisvel International S.A.,
3G Licensing S.A., and Sisvel S.p.A.*

1

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................................3

II.   BACKGROUND ....................................................................................................................5

III.  LEGAL STANDARDS ..........................................................................................................6

IV.   ARGUMENT ..........................................................................................................................7

   A.  HMD's Motion Is Premature ............................................................................................7

   B.  HMD's Motion Seeks a Tactical Advantage Over Sisvel ................................................9

   C.  HMD's Motion Unduly Prejudices Sisvel ......................................................................11

   D.  The Status of the Case Disfavors a Stay ........................................................................12

   E.  Staying the Case Will Not Simplify the Issues ..............................................................12

   F.  HMD Cannot Support Its Position with Relevant Caselaw ...........................................13

V.    CONCLUSION ....................................................................................................................14

i

# TABLE OF AUTHORITIES

**Cases**

*Automatic Mfg. Sys. v. Primera Tech., Inc.*,
   2013 U.S. Dist. LEXIS 67790 (M.D. Fla. May 13, 2013) ...................................................... 7, 11

*Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*,
   767 F.3d 1383 (Fed. Cir. 2014) ..................................................................................................... 6

*DataQuill Ltd. v. Blu Prods.*,
   2020 U.S. Dist. LEXIS 197835 (S.D. Fla. Apr. 10, 2020) ................................................. passim

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ..................................................................................................... 6

*Intellectual Ventures I, LLC v. Motorola Mobility LLC*,
   2014 U.S. Dist. LEXIS 190674 (S.D. Fla. July 17, 2014) ....................................................13, 14

*Intellectual Ventures II LLC v. Kemper Corp.*,
   2016 U.S. Dist. LEXIS 181431 (E.D. Tex. Nov. 7, 2016) ........................................................... 10

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ...................................................................................................................... 6

*Payrange, Inc. v. Kiosoft Techs., LLC*,
   2020 U.S. Dist. LEXIS 252940 (S.D. Fla. Nov. 23, 2020) ........................................................... 7

*Prisua Eng'g Corp. v. Samsung Elecs. Co.*,
   472 F. Supp. 3d 1183 (S.D. Fla. 2020) ....................................................................................... 14

*Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*,
   2021 U.S. Dist. LEXIS 3297 (S.D. Fla. May 11, 2015) .......................................................13, 14

*Targus Int'l LLC v. Group III Int'l, Inc.*,
   2021 U.S. Dist. LEXIS 3297 (S.D. Fla. Jan. 8, 2021) ..........................................................13, 14

**Statutes**

35 U.S.C. § 315(e) ................................................................................................................. 4, 9, 10

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................................ 11

Plaintiffs Sisvel International S.A., 3G Licensing S.A., and Sisvel S.p.A., (collectively "Sisvel"), pursuant to Local Rule 7.1, oppose Defendants HMD America, Inc. and HMD Global Oy's (collectively "HMD") Motion to Stay Litigation Pending *Inter Partes* Review (ECF No. 107). For the reasons set forth below, Sisvel respectfully asks that the Court deny the Motion to Stay.

**I.    INTRODUCTION**

HMD's Motion is based on *inter partes* review ("IPR") petitions that are in the early stages of being adjudicated, and that were not even filed by HMD. Currently, the Patent Trial and Appeals Board ("PTAB" or "Board") has not instituted *any* of the IPRs. In fact, Sisvel has not yet filed a preliminary response to all of the petitions. As a result, the PTAB will not issue its first of nine institution decisions for at least another month with the last decision not coming until the end of the year.

HMD had nothing to do with those petitions but is simply riding on the coattails of others' hard work. But unlike the parties who did the work and spent the resources to file the petitions, HMD does not believe it should be estopped from asserting the invalidity arguments as put forward in the IPR proceedings.

HMD's new litigation strategy appears to be delaying adjudication on the merits as long as possible. This is evident from the many discovery motions it has brought to the Court (ECF Nos. 39, 62, 73), its failed motion for sanctions (ECF No. 95), this Motion to Stay, and even its recently disclosed plan to "ask the Court to adjourn all existing future deadlines in the

Scheduling Order and to hold a scheduling conference after the Court issues the final claim construction order." (See Ex. 1.)[1]

HMD's Motion should be denied, at least because it is premature. The Motion seeks a tactical advantage over Sisvel by relying on IPRs HMD did not prepare and file, and which are months away from being instituted, if they will be instituted at all. Sisvel will be unduly prejudiced by a stay in this case. Sisvel is the owner of the patents in this lawsuit and is entitled under the law to the timely enforcement of its patent rights. The status of the case also disfavors a stay as the IPR petitions have only recently been filed, beginning an 18-month adjudication process, while this case is at an advanced stage. Moreover, staying the case will not simplify the issues because HMD is not subject to estoppel pursuant to 35 U.S.C. § 315(e) and so the IPR process will not eliminate any of HMD's invalidity arguments.

Furthermore, HMD's reliance on the Delaware Litigations[2] is misplaced. There, Judge Noreika agreed with Sisvel's argument that a stay would normally be considered premature before any institution decisions from the Board, but decided to institute a stay in an attempt to align previously filed cases with the same parties and similar issues. In a case more similarly situated to the instant litigation, the Northern District of Texas denied defendants' request for a stay pending the IPR petitions as being premature.

Finally, HMD's cited authorities are unavailing. In all four cases cited by HMD, the movants were petitioners in the IPRs or real parties in interest to the IPRs. That is not the case

---

[1] Unless otherwise noted, citations to Exhibits in this brief refer to the Exhibits attached to the co-filed Declaration of Stephanie Berger in Support of Plaintiffs' Opposition to Defendants' Motion to Stay.
[2] HMD refers to these cases as "Sisvel 1".

here. However, other cases not cited by HMD, which are closer to the facts here, stand for the proposition that HMD's Motion should be denied.

## II.     BACKGROUND

On May 15, 2020, Sisvel filed its Complaint for patent infringement against HMD. (ECF No. 1.) The Complaint alleges infringement of Sisvel's U.S. Patent Nos. 7,979,070 (the '070 patent), 8,600,383 (the '383 patent), 8,189,611 (the '611 patent), 7,215,653 (the '653 patent), 7,319,718 (the '718 patent), 7,551,625 (the '625 patent), 7,580,388 (the '388 patent), 7,869,396 (the '396 patent), and 8,971,279 (the '279 patent) (collectively the "Asserted Patents"). HMD requested multiple extensions to respond to the Complaint, (*see* ECF Nos. 7, 8), and to modify the scheduling order (ECF No. 19), until it finally answered the Complaint on October 2, 2021. (ECF No. 26.)

On November 18, 2020, the Court entered the Scheduling Order that governs this case. (ECF No. 35.) The Scheduling Order provided for a claim construction hearing that has since been assigned to Special Master David K. Friedland. The Scheduling Order also sets the deadline for expert reports on September 20, 2021 and rebuttal reports on October 20, 2021. Both expert and fact discovery close on November 5, 2021. Dispositive motions are due December 8, 2021. Trial is set for April 11, 2022. Now, in the middle of this litigation, HMD moves for a stay based on IPR petitions it had nothing to do with, none of which have been instituted and where Sisvel has not even filed its preliminary response to all of the IPRs. (*See* ECF No. 107 at 8.)

Two separate courts have considered stays in view of these IPRs. Unlike here, both of these jurisdictions have cases with defendants that are Petitioners to the IPRs. The first was in the Northern District of Texas where the Court agreed that granting a stay before institution

5

would be premature.[3] *Sisvel Int'l S.A. v. ZTE (USA), Inc.*, No. 3:20-cv-01289-M, ECF No. 43 (N.D. Tex. June 21, 2021). In the second set of cases in the District of Delaware, the Court agreed it would be premature to issue a stay but for the fact that Sisvel had earlier accused the same defendants of infringing different patents concerning similar technology in an earlier set of cases. *Sisvel Int'l S.A. v. Dell, Inc.*, No. 1:20-cv-00651, Tr. 25:3-20 (D. Del. July 9, 2021) (Ex. B.) That is not the case here where there is only one patent infringement case against HMD.

### III. LEGAL STANDARDS

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its dockets with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In patent litigation, the Court's power to deny or grant a motion to stay remains discretionary when considering other proceedings pending before the United States Patent and Trademark Office. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988); *Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*, 767 F.3d 1383, 1384 (Fed. Cir. 2014) (district court denied motion to stay pre-institution of IPRs).

In considering a motion to stay, courts in this District generally consider "whether: (1) a stay would cause undue prejudice or tactical disadvantage to the non-moving party; (2) a stay will simplify the issues in the case; and (3) discovery is complete and a trial date has been set." *DataQuill Ltd. v. Blu Prods.*, No. 20-20760-CIV-ALTONAGA/Goodman, 2020 U.S. Dist. LEXIS 197835, at *5 (S.D. Fla. Apr. 10, 2020) (denying motion to stay based upon IPR petition filed by a non-party). "The party moving for a stay bears the burden of showing why a stay is

---

[3] That case is currently stayed pending settlement discussions.

warranted . . . and delay tactics by the moving party weigh against a stay." *Id.* (citations omitted).

"The showing must be based on more than the mere fact that a petition for *inter partes* review was filed." *Payrange, Inc. v. Kiosoft Techs.*, LLC, No. 20-20970-CIV-SMITH, 2020 U.S. Dist. LEXIS 252940, at *4 (S.D. Fla. Nov. 23, 2020) (citation omitted). "A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court." *Automatic Mfg. Sys. v. Primera Tech., Inc.*, No 6:12-cv-1727-Orl-37DAB, 2013 U.S. Dist. LEXIS 67790, at *3 (M.D. Fla. May 13, 2013).

IV. **ARGUMENT**

A. **HMD's Motion Is Premature**

HMD's motion is premature. None of the IPR petitions have been instituted for review by the Board. In fact, Sisvel is still in the process of responding to a number of the petitions with the first institution decision from the Board not expected until next month. Courts in this District and in other jurisdictions routinely deny granting stays when the IPR petitions have not been instituted by the Board. *See, e.g., Payrange*, 2020 U.S. Dist. LEXIS 252940, at *6 (denying motion to stay based upon an IPR petition that had been filed but not instituted for review by the PTAB); *DataQuill*, 2020 U.S. Dist. LEXIS 197835, at *7 (same); *Automatic Mfg. Sys.*, 2013 U.S. Dist. LEXIS 67790, at *9 (same). In the Northern District of Texas, Chief Judge Lynn agreed with Sisvel and denied defendant's motion for a stay "[b]ecause the Patent Trial and Appeal Board has not yet instituted any of [defendant's] IPR petitions." *Sisvel Int'l S.A. v. ZTE (USA), Inc.*, No. 3:20-cv-01289-M, ECF No. 43 (N.D. Tex. June 21, 2021) (Ex. C).

HMD's reliance on unrelated Delaware Litigations[4] is misplaced.  The Delaware Litigations involve multiple defendants that are petitioners in the IPRs: Cradlepoint, Inc., Dell Inc., Honeywell International, Inc., TCL Communication Technology Holdings Limited, TCT Mobile International Limited, TCT Mobile, Inc., TCT Mobile (US) Inc., and TCT Mobile (US) Holdings Inc.  Second, the Delaware Litigations involve two phases of cases.  The parties stipulated to a stay after the PTAB issued all of its institution decisions.  *Sisvel Int'l S.A. v. Dell, Inc.*, No. 1:19-cv-01247, ECF No. 65 (D. Del. Mar. 4, 2021) (Ex. D).  Judge Noreika understood these differences when she instituted the stay of the second phase of cases.  But HMD ignores these critical portions of Judge Noreika's opinion, *Sisvel Int'l S.A. v. Dell, Inc.*, No. 1:20-cv-00651, Transcript (D. Del. July 9, 2021) (Ex. B), demonstrating that the posture of the cases in Delaware and in the Southern District of Florida are entirely different.  Indeed, if there is one underlying theme of Judge Noreika's opinion in the Delaware Litigations, it is the unique circumstances and overlapping cases that prompted her to even consider the motion to stay in the first place:

> ***First, I want to highlight that this is an unusual case***.  This is a second round of litigation involving some of the defendants involved in the first round, or Sisvel 1; that ligation involved 12 patents, 11 of which are the subject of IPR.  And the parties agreed to stay the litigation.  This litigation involves nine different patents.  But the infringement accusations have some degree of similarity to those in the prior a case in that they are based on practicing certain cellular standards. . . . It appears that the damages issues in the two cases may ***overlap***, as will some of the defenses and counterclaims; thus, ***although, normally, I would not entertain a motion prior to a decision on institution, I will do so here***. . . . And although in most cases it would be too early for me; as I have stated, ***because of the unusual circumstances here***, I will not find that it is too early.

(Ex. B at 25:3-18, 25:21-26:3, 29:8-12.)[5]  These unusual and overlapping circumstances are not present in this case.  There is not a second set of patent litigation pending before this Court

---

[4] HMD refers to these cases as "Sisvel 1".
[5] Unless otherwise indicated emphasis in this Brief has been added.

8

involving similar parties and additional patents that overlaps with the instant litigation. Furthermore, HMD's assertion that "Sisvel apparently expects that all or nearly all of the Sisvel 1 patents will be invalidated because Sisvel stipulated to a stay of the Sisvel 1 cases" is false. (*See* Opening Br. at 9.) Sisvel only stipulated to stay with the defendants in the prior Delaware Litigation after the PTAB rendered every required institution decision for the IPR petitions. *See Sisvel Int'l S.A. v. Dell, Inc.*, No. 1:19-cv-01247, ECF No. 65 (D. Del. Mar. 4, 2021) (Ex. D).

As indicated above, the case pending in the Northern District of Texas is more like this case where a stay pending the IPR petitions was denied. *See Sisvel Int'l S.A. v. ZTE (USA), Inc.*, No. 3:20-cv-01289-M, ECF No. 43 (N.D. Tex. June 21, 2021) (Ex. C). There, the court denied ZTE's request for a stay on the exact same Asserted Patents in this case that were challenged by ZTE in the IPR petitions. Shortly thereafter, Sisvel and ZTE stipulated to a stay pending settlement negotiations. *Id.*, ECF No. 47. Accordingly, this Court should deny HMD's Motion as it would prevent the case from being delayed by non-party IPR petitions and in all likelihood bring the parties closer to resolution.

### B. HMD's Motion Seeks a Tactical Advantage Over Sisvel

HMD's motion seeks a tactical advantage over Sisvel. HMD is attempting to grab the benefit of other's work without having to pay the price of being estopped from making the same invalidity arguments. Estoppel is a key portion of the *inter partes* review statutory framework that prevents defendants from asserting invalidity arguments that were raised or could have been raised in the IPR. Section 315(e)(2) provides that a petitioner or a real party in interest may not assert in a civil action that a patent claim is "invalid on any ground that the petitioner raised or reasonably could have raised" during the IPR. 35 U.S.C. § 315(e)(2). HMD admits that it is not statutorily estopped from asserting any invalidity positions from the IPRs. (Opening Br. at 10 n.6.) This means that HMD can and will assert invalidity arguments throughout the remainder of

9

the case after the IPR process is complete. This will add prior art complexities and cost to the case that should be avoided. *See Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-00081, 2016 U.S. Dist. LEXIS 181431, at *9 (E.D. Tex. Nov. 7, 2016) ("The absence of a full statutory estoppel not only increases the ability of litigants to 'game the system' and devise an unfair second bit at the apple, it also has the potential to increase rather than reduce the complexity of the validity issues that may come before the Court.")

The burden is on HMD to demonstrate that a stay is warranted. HMD fails to meet this burden and shifts it to the Court: "were the Court to conclude that it would benefit the Court for HMD to be estopped as though it were a party to the IPR proceedings, HMD would consent to that estoppel in the interest of staying the case." (*See* Opening Br. at 10 n.6.) Because HMD is neither a petitioner in the IPRs nor otherwise bound by any estoppel of 35 U.S.C. § 315, HMD will accrue the benefits of staying the litigation but will not incur any downside as none of its invalidity contentions will be eliminated.

The Courts take a dim view of the type of coat tailing that HMD is attempting here. In *DataQuill*, the defendant sought a stay based on an IPR petition filed by another party, not the defendant, that had not yet been instituted by the PTAB. *DataQuill*, 2020 U.S. Dist. LEXIS 197835, at *2. Even though the court observed that "[t]he asserted claims in this case all fall within the challenged claims that are subject of the IPR petition, and the IPR petition requests *inter partes* review of the challenged claims of the IPR Patent, as well as cancellation of those claims as unpatentable," the court nonetheless was "not convinced a stay will simplify issues here, particularly given the number of claims [plaintiff] has asserted here and the small chance they will all be invalidated by an IPR." *Id.* at *6. The court denied the stay and deemed defendant's reliance on the non-party IPR petition as a "litigation tactic." *Id.*

10

In this case, *DataQuill* is on point. HMD seeks a stay based on non-party IPR petitions, like the *DataQuill* defendant. While all of the Asserted Patents have been challenged by IPR petitions, not a single patent or claim has been subjected to *inter partes* review by the Board, much less invalidated. HMD's attempt at this juncture to obtain a stay based on non-party IPR petitions that have not even been instituted yet is a litigation tactic that should result in this Court's denial of the motion, as the court concluded in *DataQuill*.

C.  **HMD's Motion Unduly Prejudices Sisvel**

Sisvel would be unduly prejudiced by a stay in this case. HMD seeks to improperly delay this litigation which can only further prejudice Sisvel, while allowing HMD to avoid adjudication on the merits of this case. Such a delay will prevent a "just, speedy, and inexpensive determination," which courts in this and other jurisdictions have repeatedly rejected. *See* Fed. R. Civ. P. 1; *see also Automatic Mfg.*, 2013 U.S. Dist. LEXIS 67790, at *8 (holding a possible delay of "at least six months" would unduly prejudice plaintiff or present a clear tactical disadvantage when the petition for *inter partes* review had not been instituted); *Payrange*, 2020 U.S. Dist. LEXIS 252940, at *5 (finding "that a stay would cause undue prejudice to [p]laintiff and would present a clear tactic advantage for [d]efendant" when the parties were engaged in discovery, a trial date had been set, and the PTAB had not initiated any review of the patent).

HMD argues that a stay "will not unduly prejudice Sisvel because it does not sell products, use the technology in its patents, or compete with HMD." (*See* Opening Br. at 6.) But this is a misstatement of the law. "The patent owner should be able, if it desires, to prosecute its claims, to take discovery, and to set its litigation positions, at least until such a time as the USPTO takes an interest in reviewing the challenged claims." *Automatic Mfg.*, 2013 U.S. Dist. LEXIS 67790, at *8. Sisvel is the owner of the Asserted Patents. Sisvel has an interest in the

11

timely enforcement of its patents and those of its licensing partners, many of which do produce products, and would be prejudiced if HMD's motion were granted.

### D. The Status of the Case Disfavors a Stay

Here, the status of the case clearly disfavors a stay. As in the *DataQuill* case, "any trial date in this case will be well before the conclusion of the IPR proceedings." 2020 U.S. Dist. LEXIS 197835, at *6. Claim construction briefing is complete and the parties are scheduled to confer with the Special Master this week. In discovery, the parties have produced volumes of documents and depositions will begin shortly. Given the early stage of the IPRs, this case will be over before any final written decisions may issue from the PTAB.[6] Accordingly, the status of the case disfavors a stay.

### E. Staying the Case Will Not Simplify the Issues

HMD has not met its burden to demonstrate that a stay will simplify the issues in this case. The percentage values that HMD has calculated of "70 percent and 73 percent" are of its own creation and not one of the conclusions reached by the PTAB. (Opening Br. at 8) ("The USPTO statistics for fiscal years 2019 and 2020, following institution, 70 percent and 73 percent, respectively, of challenged claims that were addressed in a final written decision were found invalid.") According to the PTAB, "less than **30% of challenged claims** were found **unpatentable** by a preponderance of the evidence in final written decisions." (*See* Opening Br., Exhibit 1 (ECF No. 107-3), at 4) (emphasis in original). HMD's own evidence shows that approximately 70% of challenged claims are found not invalid. *Id.* HMD also fails to account for settlement or Sisvel prevailing on any of the institution decisions. All of HMD's assertions

---

[6] In contrast, the cases in Delaware were much less advanced. (Ex. B, Tr. 26:17-27:3.) There, Judge Noreika found that the cases were "in the early stages of discovery . . . no claim construction has taken place in earnest . . . Trial is almost two years away." (*Id.*)

that all or most of the Asserted Patents will be invalidated by the Board is pure unsupported speculation that does not warrant a stay. (*See, e.g.,* Opening Br. at 8.)

HMD's arguments for issue simplification are not only inconsistent, but they are misleading.  For example, HMD asserts–with no basis whatsoever–that the patents are of "low value and technical merit." (*See* Opening Br. at 8, 9).  Yet, as HMD admits elsewhere in its brief "[t]his is a large and complex patent litigation," for which a Special Master is required to assist the Court for claim construction. (*See* Opening Br. at 10.)  The Court would not have assigned a Special Master if the Asserted Patents were of "low value and technical merit." *Id.*

HMD's argument that the discovery sought in France supports a stay is misplaced. (*See* Opening Br. at 12.)  The discovery that HMD seeks from ETSI primarily concerns the essentiality of the Asserted Patents to 3G and 4G standards and has nothing to do with the IPRs. (*See* Opening Br. at 12.)  Also, ETSI publishes its standards documents online.  *See* ETSI.org (Aug. 2, 2021), https://www.etsi.org/about.  Accordingly, the issue of simplification disfavors a stay.

### F.     HMD Cannot Support Its Position with Relevant Caselaw

The cases that HMD relies on–*Targus*, *Rothschild*, *Intellectual Ventures,* and *Prisua*–are unavailing.  *See Targus Int'l LLC v. Group III Int'l, Inc.*, No. 20-21435-Civ-Scola, 2021 U.S. Dist. LEXIS 3297, at *6 (S.D. Fla. Jan. 8, 2021) (IPR petitioner was a party to the litigation and claim construction briefing was in its infancy); *Rothschild Storage Retrieval Innovations, LLC* v. *Motorola Mobility LLC*, No. 14-22659-Civ-Scola, 2021 U.S. Dist. LEXIS 3297, at *3-6 (S.D. Fla. May 11, 2015) (stay granted before any hearing scheduled for claim construction); *Intellectual Ventures I, LLC v. Motorola Mobility LLC*, No. 13-61358-CIV-MIDDLEBROOKS/ HUNT, 2014 U.S. Dist. LEXIS 190674, at *3 (S.D. Fla. July 17, 2014) (IPR petitioner was a litigation defendant and no claim construction hearing had been held); *Prisua Eng'g Corp. v.*

*Samsung Elecs. Co.*, 472 F. Supp. 3d 1183, 1185 (S.D. Fla. 2020) (stay granted only after PTAB agreed to review the challenged claims and IPR petitioners were parties to the litigation). In every case cited by HMD, the defendants were IPR petitioners or real parties in interest to the IPR proceedings. HMD is neither and can be denied a stay on that basis alone.

The cited cases are also distinguishable in other ways that the Court should consider. For example, in both *Targus* and *Rothschild*, Judge Scola observed that the claim construction briefing was "in its infancy." *Targus*, 2021 U.S. Dist. LEXIS 3297, at *6; *Rothschild*, 2021 U.S. Dist. LEXIS 3297, at *6. Here, claim construction briefing is over and final proceedings are underway with the Special Master. In *Prisua*, the court only granted the defendant's motion to stay after the PTAB's institution of the IPR. *Prisua*, 472 F. Supp. 3d at 1184. HMD is seeking a stay without any IPRs instituted. Finally, as indicated above, in *Intellectual Ventures*, the defendant filed three IPR petitions on the alleged patents before a stay was considered. 2014 U.S. Dist. LEXIS 190674, at *3. HMD has not filed any. Thus, HMD's Motion is unsupported by its own cited authority.

## V. CONCLUSION

For the reasons set forth above, HMD's Motion should be denied.

<SIGNATURES ON NEXT PAGE>

Dated:  August 3, 2021

Respectfully submitted,

*/s/Jorge Espinosa/*
Jorge Espinosa, Esq.
Florida Bar No: 779032
jorge.espinosa@gray-robinson.com
Francesca Russo, Esq.
francesca.russo@gray-robinson.com
Robert R. Jimenez, Esq.
robert.jimenez@gray-robinson.com
**GRAY | ROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 300
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887

Timothy Devlin (Pro hac vice)
tdevlin@devlinlawfirm.com
Neil Benchell, Esq. (Pro hac vice)
nbenchell@devlinlawfirm.com
Stephanie Berger, Esq. (Pro hac vice)
Sberger@devlinlawfirm.com
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs*
*Sisvel International S.A.*,
*3G Licensing S.A., and Sisvel S.p.A*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

/s/Jorge Espinosa/
Jorge Espinosa, Esq.