**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**Case No.: 20-22051-CIV-GAYLES-OTAZO-REYES**

SISVEL INTERNATIONAL S.A., 3G LICENSING S.A., and SISVEL S.p.A.,

Plaintiffs,

v.

HMD AMERICA, INC. and HMD GLOBAL OY,

Defendants.

**DEFENDANTS HMD AMERICA, INC.'S AND HMD GLOBAL OY'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. A Pre-Institution Stay Is Appropriate In This Case, And HMD's Motion Is Timely ..... 1

B. HMD's Case Law Is Informative, And Third-Parties To IPRs Are Not Precluded From Moving To Stay Under Appropriate Circumstances ..... 2

C. A Stay Would Not Prejudice Sisvel ..... 3

D. A Stay Would Simplify The Issues ..... 5

E. Discovery Is At An Early Stage, Making A Stay Appropriate At This Time ..... 5

III. CONCLUSION ..... 6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*,
No. 12-cv-1727, 2013 U.S. Dist. LEXIS 67790 (M.D. Fla. May 13, 2013)..............................3

*DataQuill Ltd. v. BLU Products, Inc.*,
No. 20-20760-CIV, 2020 U.S. Dist. LEXIS 197835 (S.D. Fla. Apr. 10, 2020)........................4

*Intell. Ventures I, LLC v. Motorola Mobility LLC*,
Case No. 1-61358-CIV, 2014 WL 12584301 (S.D. Fla. July 17, 2014)...................................3

*Prisua Eng'g Corp. v. Samsung Elecs. Co.*,
472 F. Supp. 3d 1183 (S.D. Fla. 2020) ........................................................................1

*Rothschild Storage Retrieval Innovations LLC v Motorola Mobility LLC*,
Civil Action No. 14-22659, 2015 WL 12715618 (S.D. Fla. May 11, 2015).............................3

*Targus Int'l LLC v. Group III Int'l, Inc.*,
Civil Action No. 20-21435, 2021 WL 542675 (S.D. Fla. Jan. 8, 2021)............................1, 2, 3

## I. INTRODUCTION

Defendants HMD America, Inc., and HMD Global Oy ("HMD") moved to stay this action in view of nine *inter partes* review ("IPR") petitions challenging the validity of all the asserted patents in this case. Those IPR petitions may result in final written decisions from the U.S. Patent and Trademark Office that greatly simplify the issues in this case, which involves nine asserted patents and 66 asserted patent claims. Plaintiffs Sisvel International S.A., 3G Licensing S.A., and Sisvel S.p.A. ("Sisvel") oppose the motion but raise issues that do not justify moving forward. Sisvel's arguments do not bear on the three factors courts consider when deciding whether to stay a case pending IPRs. Sisvel ignores the fact that this District Court has issued pre-institution stays under appropriate circumstances. Sisvel's arguments concerning the stay factors also fall short—Sisvel will suffer no cognizable prejudice from a stay because it does not practice the patents and any supposed injury is redressable through monetary damages; the issues are likely to be significantly simplified by a stay; and the case has not progressed far with discovery still in early phases. For these reasons and those explained in HMD's opening motion and memorandum of law (ECF No. 107; "Motion"), a stay pending IPR is warranted.

## II. ARGUMENT

### A. A Pre-Institution Stay Is Appropriate In This Case, And HMD's Motion Is Timely

Sisvel argues that HMD's motion is premature because the IPRs have not yet been instituted. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Stay, ECF No. 111 ("Opposition") at 7. However, a pre-institution stay is appropriate if the factors concerning whether a stay should be entered favor a stay. To that end, courts consider the three stay factors under the totality of the circumstances when deciding whether to issue a stay. *See Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F. Supp. 3d 1183, 1185–86 (S.D. Fla. 2020). This

Court has both granted and denied pre-institution stays, depending on the circumstances. *See Targus Int'l LLC v. Group III Int'l, Inc.*, Civil Action No. 20-21435, 2021 WL 542675, at *1 (S.D. Fla. Jan. 8, 2021). The circumstances in this case warrant a pre-institution stay. The Sisvel 1 patents are of low value and technical merit, as reflected by the fact that 11 of 12 of the IPRs for the Sisvel 1 patents were instituted for trial. The nine patents asserted in this case are similarly of low value and technical merit and are likely to be instituted for trial and invalidated. Motion at 2–3, 8–9. The Sisvel 1 and Sisvel 2 patents all relate to cellular communications technology, and Sisvel asserts that they are essential to the 3G and 4G communications standards. *Id.* at 2–4. Three of the Sisvel 2 patents were acquired from Nokia and Blackberry as part of the same portfolios in which Sisvel acquired the Sisvel 1 patents. *Id.* at 8–9.

### B. HMD's Case Law Is Informative, And Third-Parties To IPRs Are Not Precluded From Moving To Stay Under Appropriate Circumstances

Sisvel attempts to distinguish the case law that supports HMD's position by arguing that they all involved situations where the party seeking a stay was an IPR petitioner or a real party in interest to an IPR petitioner (Opposition at 13–14), but that is no distinction at all. The factors that are relevant to the Court's consideration of a stay all favor a stay regardless of whether HMD is or is not itself a party of the IPRs in question. Those factors are: "(1) whether the stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether the stay will simplify issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Targus*, 2021 WL 542675, at *2. None of these factors turns on whether the movant is a party or real party in interest to the IPR.

Indeed, the Delaware court that presides over and stayed the Sisvel 1 and 2 actions saw no distinction between the defendants who were parties to the IPRs and the parties who were not. In the Sisvel 2 cases, the Delaware court stayed the cases against six defendants, including Xirgo

Technologies (No. 1-20-cv-00659 (D. Del.)) and VeriFone (No. 1-20-cv-00656 (D. Del.)), which like HMD are ***not*** parties to the IPR proceedings.

Sisvel focuses on certain differences between this case and the Sisvel 2 cases in Delaware, such as the fact that HMD is not a party to the Sisvel 1 cases that preceded the Delaware Sisvel 2 cases. That difference also did not matter to the court that Delaware court, which stayed the cases for all Sisvel 2 defendants in Delaware, including TCL Communication Technology Holdings Limited (No. 1-20-cv-00654 (D. Del.)) and Wiko SAS (No. 1-20-cv-00658 (D. Del.)), which like HMD are ***not*** parties to the Sisvel 1 cases.

The differences between HMD and some of the defendants in Delaware do not detract from the appropriateness of a stay in this case. Sisvel ignores the sound policy goal of avoiding inconsistent results from parallel proceedings regarding the same patents. *See Rothschild Storage Retrieval Innovations LLC v Motorola Mobility LLC*, Civil Action No. 14-22659, 2015 WL 12715618, at *1 (S.D. Fla. May 11, 2015) ("Stays pending IPR are granted routinely 'in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources.'") (citation omitted). If a stay is denied here, this will be the only court action for the asserted patents that will proceed in parallel with the nine pertinent IPRs. At bottom, nothing in Sisvel's Opposition changes the analysis of the relevant factors, which as explained below and in HMD's Motion, strongly favor a stay of this case.

**C. A Stay Would Not Prejudice Sisvel**

Sisvel asserts that it would be unduly prejudiced by a stay, but Sisvel points only to the delay of litigation and general policy considerations about patent enforcement. Opposition at 11. These considerations do not present a substantial risk of prejudice for a non-practicing entity like Sisvel. Because damages and pre-judgment interest could make it whole, delay attributable to a stay does not prejudice a non-practicing entity. *See, e.g., Intell. Ventures I, LLC v. Motorola*

*Mobility LLC*, Case No. 1-61358-CIV, 2014 WL 12584301, at *2 (S.D. Fla. July 17, 2014) ("[T]he stay will not unduly prejudice Plaintiffs, who are non-practicing entities not seeking an injunction."); *Targus*, 2021 WL 542675, at *2 ("[S]tanding alone, the potential for litigation delay does not establish undue prejudice.") (citation omitted). The case cited by Sisvel for general policy considerations is inapposite because it involved two parties that were competitors in the marketplace, and the plaintiff was a manufacturer of the relevant products. *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 12-cv-1727, 2013 U.S. Dist. LEXIS 67790, at *1–2 (M.D. Fla. May 13, 2013).

Sisvel also contends that HMD seeks a tactical advantage with this motion, noting that HMD is not a party to the IPRs and would not be subject to statutory estoppel. But Sisvel fails to mention that HMD has offered to consent to estoppel if the Court were to conclude that it would benefit the case. Motion at 10 n.6. Sisvel seeks to support its disingenuous argument by citing *DataQuill Ltd. v. BLU Products, Inc.*, No. 20-20760-CIV, 2020 U.S. Dist. LEXIS 197835 (S.D. Fla. Apr. 10, 2020). But *DataQuill* is distinguishable because it involved a situation where the defendant seeking a stay had a history in prior actions of seeking stays based on IPRs filed by others, which led the court to conclude that its request for a stay was a litigation tactic. *DataQuill*, 2020 U.S. Dist. LEXIS 197835 at *4–5 ("BLU is clearly aware of the litigation tactic involving stays of litigation pending against it on the basis of *inter partes* review and has benefitted from it before."). The court denied a stay on that basis. *Id.* at *6–7 ("Most importantly, however, the undersigned is troubled by what it considers a litigation tactic by BLU to seek stays of patent litigation on the basis of *inter partes* review, as evidenced by its successful use of that tactic in *Blackberry Limited*."). No such history exists for HMD.

**D. A Stay Would Simplify The Issues**

The IPRs are likely to simplify this case significantly. The IPRs from the Sisvel 1 patents are informative about the likelihood of institution for the IPR petitions relating to the Sisvel 2 cases. Eleven of the 12 IPRs for the Sisvel 1 patents were instituted for trial. *See* ECF No. 107-1. Sisvel argues that the USPTO statistics show that about 70 percent of challenged claims are found not unpatentable (Opposition at 12), but that statistic includes petitions that were ***not*** instituted. The IPRs for 11 or 12 of the Sisvel 1 patents are already past the institution stage. USPTO statistics illustrate the likelihood of an unpatentability finding once an IPR is instituted for trial. In 2019 and 2020, of the challenged claims for which an IPR was instituted and a final written decision issued, 70 percent (2019) and 73 percent (2020) of the claims subject to final written decision were invalidated. ECF No. 107-3 (Lee Declaration Exhibit 1) at 23, ECF No. 107-4 (Lee Declaration Exhibit 2) at 15. For claims that were instituted for trial but not included in a final written decision, most of those claims are the subject of settlement, and settlements typically occur after institution because the patent owner chooses to settle instead of facing the risk of invalidation in the IPR trial.

The IPRs for the Sisvel 2 patents are likely to yield similar results. Three of the asserted Sisvel 2 patents were acquired from Nokia and Blackberry as part of the same portfolios in which Sisvel acquired the Sisvel 1 patents. For the reasons explained above, the USPTO's institution of trial for eleven of twelve Sisvel 1 patents is instructive about the low value and technical merit of the Sisvel 2 patents as well. Motion at 2–3, 8–9.

**E. Discovery Is At An Early Stage, Making A Stay Appropriate At This Time**

Discovery in this case is at an early stage. Sisvel claims the contrary, asserting that the case is "at an advanced stage" (Opposition at 4), and noting that significant document production has occurred (*id.* at 12). But Sisvel acknowledges that no depositions have taken place, contradicting its argument about the supposed advanced stage of litigation. *Id.* Furthermore, a

Special Master has been appointed for claim construction, and the Scheduling Order will need to be amended given the claim construction schedule. Under the Special Master's proposed schedule, a report and recommendation will not issue until approximately November 21, 2021, after which additional time will be necessary for the parties to make any objections and for the Court to issue its final claim construction order.

As explained in HMD's opening brief (Motion at 12), the schedule might also require modification given the progress of critical foreign discovery from ETSI. Sisvel incorrectly asserts that it "primarily concerns the essentiality of the Asserted Patents to 3G and 4G standards." Opposition at 13. In fact, the discovery from ETSI is critical for other reasons, including that ETSI is the source of some of the most important prior art that invalidates the asserted patents.

## III. CONCLUSION

For the reasons set forth above and those in HMD's Motion, HMD respectfully requests that the Court stay this action in view of the IPR proceedings challenging the validity of every asserted patent in this case.

Dated: August 10, 2021

Respectfully submitted,

*/s/ Joseph W. Bain*
JOSEPH W. BAIN, ESQ.
Florida Bar No. 860360
Email Address: jbain@shutts.com
**SHUTTS & BOWEN LLP**
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

**ATTORNEYS FOR DEFENDANTS HMD AMERICA, INC., AND HMD GLOBAL OY**

WILLIAM J. MCCABE, ESQ.
*Pro hac vice*
wmccabe@perkinscoie.com
GENE W. LEE, ESQ.
*Pro hac vice*
glee@perkinscoie.com
MATTHEW J. MOFFA, ESQ.
*Pro hac vice*
mmoffa@perkinscoie.com
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd floor
New York, NY 10036
Telephone: (212) 262-6900
Facsimile: (212) 977-1649

MICHAEL A. CHAJON, ESQ.
*Pro hac vice*
mchajon@perkinscoie.com
**PERKINS COIE LLP**
700 Thirteenth Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 654-3316
Facsimile: (202) 624-9575

ADAM G. HESTER, ESQ.
*Pro hac vice*
ahester@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4311
Facsimile: (650) 838-4350

**ATTORNEYS FOR DEFENDANTS HMD AMERICA, INC., AND HMD GLOBAL OY**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which served a copy on the following:

Francesca Russo-Di Staulo, Esq.
Robert Ralph Jimenez, Esq.
Jorge Tadeo Espinosa, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: 305-416-6880
Fax: 305-416-6887
Email: francesca.russo@gray-robinson.com
Email: robert.jimenez@gray-robinson.com
Email: jorge.espinosa@gray-robinson.com

Neil Benchell, Esq.
*Pro hac vice*
Stephanie Berger, Esq.
*Pro hac vice*
Timothy Devlin
*Pro hac vice*
Devlin Law Firm, LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Email: nbenchell@devlinlawfirm.com
Email: sberger@devlinlawfirm.com
Email: tdevlin@devlinlawfirm.com
Email: dlflitparas@devlinlawfirm.com

**Attorneys for *Plaintiffs, Sisvel International S.A., 3g Licensing S.A., and Sisvel S.p.A.***

By: */s/ Joseph W. Bain*
Joseph W. Bain
Florida Bar No. 860360
jbain@shutts.com