**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**Case No.: 20-22051-CIV-GAYLES-OTAZO-REYES**

SISVEL INTERNATIONAL S.A., 3G
LICENSING S.A., and SISVEL S.p.A.,

              Plaintiffs,

v.

HMD AMERICA, INC. and HMD
GLOBAL OY,

              Defendants.

**DEFENDANTS HMD AMERICA, INC.'S, AND HMD GLOBAL OY'S**
**MOTION FOR SANCTIONS AND**
**MEMORANDUM OF LAW IN SUPPORT**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 3

III.    LEGAL STANDARDS ....................................................................................... 7

IV.     ARGUMENT ....................................................................................................... 8

   A.   Sisvel Failed To Comply With The Court's April 20 Order ............................ 8

   B.   Sisvel's Failure Was Not Substantially Justified And Other Circumstances Do Not
        Make An Award Of Expenses Unjust .............................................................. 9

   C.   HMD's Expenses Caused By Sisvel's Failure ................................................ 13

V.      LOCAL RULE 7.1 AND RULE 37 CERTIFICATION .................................. 16

# TABLE OF AUTHORITIES

CASES

37(b)(2)(A). *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*,
   No. 18-CV-80758, 2019 WL 7371831 (S.D. Fla. Sept. 20, 2019) ...........................................8

*AT&T Wireless Servs. of Cal. LLC v. City of Carlsbad*,
   No. 01cv2045, 2002 WL 34396709 (S.D. Fla. Nov. 7, 2002)..................................................8

*Farmer v. Hyde Your Eyes Optical, Inc.*,
   No. 13-cv-6653, 2015 WL 2250592 (S.D.N.Y. May 13, 2015) ........................................10, 14

*Lair for Estate of Lair v. Reyes*,
   No. 18-CV-1017, 2020 WL 9718813 (S.D. Ill. Mar 17, 2020) ........................................12, 13

*PDVSA US Litig. Tr. v. Lukoil Pan Americas LLC*,
   No. 18-CIV-20818, 2019 WL 1261806 (S.D. Fla. Feb. 11, 2019) ..................................13, 15

*Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc.*,
   295 F.R.D. 1 (E.D.N.Y. Oct. 21, 2013) .........................................................................8, 9

*Simmons v. Orbis Corp.*,
   No. 09-CV-1183, 2010 WL 2196968 (N.D. Ga. May 13, 2010)...........................................13

*Snider-Hancox v. NCL Bahamas Ltd.*,
   No. 17-20942-CIV, 2018 WL 6448765 (S.D. Fla. Dec. 3, 2018)...............................13, 14, 15

OTHER AUTHORITIES

Fed. R. Civ. P. 37(a) ........................................................................................................1, 5, 14

Fed. R. Civ. P. 37(b) ............................................................................................................ passim

Local Rule 7.1 .....................................................................................................................1, 16

Local Rule 7.3.........................................................................................................................15

Local Rule 26.1(g) ....................................................................................................................1

Defendants HMD America, Inc., and HMD Global Oy ("HMD"), by and through counsel, pursuant to Local Rule 7.1 and Federal Rule of Civil Procedure 37(b)(2)(A) and (C), respectfully move this Court to impose sanctions on Plaintiffs Sisvel International S.A., 3G Licensing S.A., and Sisvel S.p.A. (collectively "Sisvel" or "Plaintiffs") and to award HMD its reasonable expenses, including attorney fees, caused by Sisvel's violation of the Court's April 20, 2021, order (ECF No. 78), which directed Sisvel to produce relevant documents on a rolling basis to be completed by May 17, 2021. Sisvel failed to comply with that order and has continued to belatedly produce documents subject to the April 20 order, as recently as August 24.

HMD previously requested sanctions under Rule 37(a)(5) for Sisvel's obstructionist discovery conduct giving rise to the Court's April 20 order. On June 14, the Court denied HMD's request (ECF No. 99), stating that HMD should have requested those sanctions at the same time it sought the relief that led to the April 20 order. But that denial was "without prejudice to Defendants filing a motion for discovery sanctions pursuant to Fed. R. Civ. P. 37(b) in connection with this matter, if appropriate." *Id.* Pursuant to that order (*id.*), HMD brings this motion to request discovery sanctions against—and expenses from—Sisvel, its counsel, or both. HMD's motion is timely filed within 30 days of Sisvel's August 24 production, its latest violation of the April 20 order. Local Rule 26.1(g). This Motion is supported by a Memorandum of Law, set forth below.

## MEMORANDUM OF LAW

## I.      INTRODUCTION

This Motion is the result of Sisvel's repeated failure to comply with this Court's order of April 20, 2021, which directed Sisvel to produce the relevant documents "on a rolling basis, to be completed by **May 17, 2021**." ECF No. 78. Sisvel did not produce any documents in response to that order until after the May 17 deadline. Instead, Sisvel began its production of such documents

at an early hour on May 18 and continued to produce more documents on May 19. *See* Declaration of Gene W. Lee ("Lee Decl.") ¶ 14.

HMD reviewed Sisvel's belatedly produced documents and determined that Sisvel had failed to produce some documents required by the April 20 order. *Id.* ¶ 17. After HMD raised with Sisvel those deficiencies in the document production, Sisvel repeatedly took the position that its document production was complete. In response to Sisvel's assertions, on August 5, 2021, HMD informed Sisvel that HMD would proceed with the case on the basis of the documents that Sisvel had produced at that point and seek to preclude Sisvel from relying on any responsive information that came to light in the future. *Id.* ¶ 21. After HMD informed Sisvel of that position, on August 24, and without prior notice to HMD, Sisvel produced hundreds of additional documents that were subject to the April 20 order and the May 17 deadline. *Id.* ¶ 23.

Sisvel failed to comply with the Court's April 20 order by failing to produce any documents by the May 17 deadline and producing multiple rounds of documents after the deadline. There is no legitimate justification for Sisvel's violation of the April 20 order. Sanctioning Sisvel and awarding HMD its expenses caused by Sisvel's failure would be justified and appropriate, especially because Sisvel's failure is egregious and representative of a broader pattern of Sisvel's improper and obstructionist behavior in discovery. Sisvel has repeatedly refused to comply with its discovery obligations and to respond appropriately to HMD's discovery requests. On two occasions, HMD has had to seek relief from the Court because of Sisvel's discovery behavior. On both occasions, the Court has granted HMD partial relief. ECF Nos. 43, 78. Awarding sanctions against Sisvel would be especially justified here to deter further improper and obstructionist behavior by Sisvel. Under these circumstances, Rule 37(b)(2)(C) requires the Court to order Sisvel

or its counsel, or both, to pay HMD's reasonable expenses, including attorney fees, caused by Sisvel's failure.

## II.    BACKGROUND

On December 10, 2020, HMD filed a notice of hearing for a discovery dispute concerning deficiencies in Sisvel's responses to some of HMD's Second Set of Interrogatories and Requests for Production ("RFPs").  ECF No. 39.  On December 15, the Court held a hearing (ECF No. 42) and later issued an order granting partial relief to HMD (ECF No. 43).

On January 11, 2021, HMD served its Third Set of Interrogatories, which included Interrogatories 17-23, and its Third Set of RFPs, which included RFPs 24-80.  Lee Decl. ¶¶ 1, 5. Sisvel served objections and responses on February 10.  *Id.; see also id.* Exs. A & E.

On February 25, 2021, HMD identified to Sisvel deficiencies in Sisvel's responses to Interrogatories 17, 18, 20, 21.  *Id.* ¶ 6 & Ex. F.  On February 26, HMD identified to Sisvel deficiencies in Sisvel's responses to RFPs 24, 27, 29, 32, 34, 40, 41, 43, 52, 54, 56, 59, 60, 62, 69, 75, and 76-79.  *Id.* ¶ 7 & Ex. G.  On March 5, Sisvel responded and expressed disagreement with HMD's asserted deficiencies in Sisvel's discovery responses.  *Id.* ¶ 8 & Ex. H.  During March 10, 11, 19, and 22, HMD and Sisvel corresponded about this discovery dispute. *Id.* ¶ 9 & Ex. I.

On March 30, 2021, HMD filed a notice of hearing for the dispute about Sisvel's responses to Interrogatories 17, 18, and 20, and responses to HMD's Third Set of RFPs 24, 27, 29, 32, 34, 40, 54, and 76-79.  ECF No. 62.

On April 6, 2021, HMD sent a letter to Sisvel to identify problems with Sisvel's responses to many RFPs in HMD's First, Second, and Third Sets of RFPs.  Lee Decl. ¶ 10 & Ex. J.  On April 16, Sisvel responded and expressed disagreement with HMD's asserted deficiencies in Sisvel's discovery responses.  *Id.* ¶ 11 & Ex. K.

3

On April 16, 2021, HMD filed a supplemental notice of hearing for the parties' discovery dispute. ECF No. 73.

On April 19, 2021, HMD wrote to Sisvel concerning deficiencies in Sisvel's responses to HMD's Third Set of Interrogatories and RFPs—in particular, Interrogatories 17, 18, 20 and RFPs 24, 27, 29, 32, 34, 40, 54, and 76-79. Lee Decl. ¶ 12 & Ex. L. Also on April 19, HMD filed a second supplemental notice of hearing. ECF No. 76. That notice stated in relevant part:

> For the reasons stated in the parties' correspondence, HMD will request the Court compel responses to interrogatory nos. 18 and 20 and requests for production nos. 24, 27, 29, 32, 34, 40, 54, and 77 at the schedule[d] April 30, 2021 hearing. *See* Ex. C. Furthermore, as explained in HMD's supplemental notice of hearing (ECF No. 73), HMD will request that the Court provide a date-certain on which Sisvel shall complete its production as to requests for production nos. 6-8, 10, 14-19, 37-39, 42, 44-48, 50, 51, 53, 55, 57, 58, 66-68, 70-74, and 80. These are requests for which Sisvel has already agreed to produce documents but either has not confirmed its production is complete or has not produced responsive documents. ECF No. 73.

*Id.* at 2.

On April 20, the Court held a telephonic hearing about the discovery dispute and issued an order granting partial relief to HMD. The order stated:

> Plaintiffs [Sisvel] shall supplement their responses to Defendants' Third Set of Requests for Production Nos. 24, 29, 32, 34, 40, 54, and 77 in accordance with the undersigned's rulings at the hearing. Other than documents to be produced with Plaintiffs' expert report, Plaintiffs shall produce the documents required by this Order and those it has previously agreed to produce on a rolling basis, to be completed by **May 17, 2021**.

ECF No. 78. Despite this order, Sisvel did not produce any documents or supplement its responses to HMD's discovery requests prior to the May 17 deadline. Lee Decl. ¶ 13.

During the evening of May 17, Sisvel wrote to HMD to state that Sisvel's production would be late, beginning that night and continuing the next day, May 18.[1] *Id.* ¶ 13 & Ex. M. Sisvel's

---

[1] Of note, this correspondence, and Sisvel's July 23 letter discussed below, were sent by an attorney not admitted to this Court and not of record in this case. HMD has repeatedly asked

production was even later than that, beginning on May 18 at 12:34 am and followed by additional productions during the morning of May 19.   *Id.* ¶ 14 & Ex. N.  Furthermore, Sisvel did not supplement its written discovery responses until May 21, and only after HMD insisted that Sisvel do so. *Id.* ¶¶ 15–16 & Ex. P.

HMD decided to seek sanctions under Rule 37(a)(5) for Sisvel's refusal to produce discovery materials responsive to HMD's Third Set of Requests for Production, necessitating the Court's April 20 order.  On May 21, 2021, the parties met and conferred about HMD's planned request for sanctions.  *Id.* ¶ 15.  During that call, Sisvel stated that its document production in response to this Court's April 20 order was complete.  Ex. O.  On June 4, HMD filed a notice of hearing for HMD's request for sanctions.  ECF No. 95.

Concurrently, HMD reviewed the documents that Sisvel produced on May 18-19 and determined that Sisvel's document production was incomplete.  Lee Decl. ¶ 17.  On June 8, 2021, HMD wrote to Sisvel to identify deficiencies in Sisvel's related document production and to request a meet and confer.  *Id.* ¶ 17 & Ex. Q.  On June 9, Sisvel responded by saying, "we are preparing a written response to your letter." *Id.* ¶ 18 & Ex. R.

On June 14, 2021, the Court held a hearing on HMD's request for sanctions under Rule 37(a)(5).  ECF No. 98.  The Court denied relief (ECF No. 99), finding that HMD should have sought any sanctions under Rule 37(a)(5) at the same time it sought relief for Sisvel's discovery failures.  The Court's denial was, "without prejudice to Defendants filing a motion for discovery sanctions pursuant to Fed. R. Civ. P. 37(b) in connection with this matter, if appropriate."  *Id.*

---

Sisvel to seek *pro hac vice* admission for counsel substantively involved in this case.  Sisvel has inexplicably refused to do so.

HMD continued to review Sisvel's documents produced on May 18-19.  By July 16, 2021, Sisvel had not responded to HMD's letter of June 8, so HMD wrote to Sisvel to follow up and to identify additional deficiencies in Sisvel's document production. Lee Decl.  ¶ 19 & Ex. S.

On July 23, 2021, Sisvel responded to HMD's letters of July 8 and 16.  *Id.* ¶ 20 & Ex. T. Sisvel "disagree[d] that the supplemental responses and documents produced by Sisvel are deficient in any respect," and stated, "Sisvel has fully complied with the Court's Order and its obligations under the Federal Rules of Civil Procedure."  *Id.*, Ex. T at 1.   "Sisvel further confirm[ed] that it is not withholding documents pursuant to its objections other than privilege." *Id.* at 2.  For the most part, the substance of Sisvel's response was that HMD's expectation that unproduced documents exist was incorrect, and that HMD was to blame for its purported inability to find those documents in Sisvel's disorganized production.  For RFPs 32 and 40, Sisvel stated that it would investigate whether any attachments to non-privileged emails with third parties had been withheld because of privilege. *Id.* at 4–5.

Nearly three weeks later, on August 5, 2021, HMD responded to Sisvel's letter of July 23. *Id.* ¶ 21 & Ex. U.  In view of Sisvel's representations, HMD stated:

> HMD will take Sisvel at its word that it is not withholding any documents from the full scope of the Court's order except documents that Sisvel has identified as privileged in compliance with FRCP 26(b)(5)(A)(ii), and HMD's experts will offer their opinions in accordance with that understanding.  Going forward, should HMD uncover in discovery documents within the scope of the Court's order that Sisvel has not produced to date, HMD will seek all appropriate sanctions.  Please also be advised that HMD will seek to preclude Sisvel from (1) relying on any documents that are responsive to the disputed RFPs discussed here and are produced in the future, and (2) taking any positions that are not supported by documents that should have been produced in response to the disputed RFPs.

*Id.*, Ex. U at 1–2.

On August 24, 2021, without any prior notice to HMD, Sisvel responded to HMD's letter of August 5 and belatedly produced hundreds of additional documents that were subject to the

Court's April 20 order and the May 17 deadline. *Id.* ¶¶ 22–23 & Exs. V, W. Significantly, that production included documents to show revenue and licensing royalties received by Sisvel and related to the asserted patents (RFPs 76 and 78), and documents to show the payments that Sisvel made to acquire the asserted patents (RFP 77). *Id.* ¶ 23. The production also included attachments to non-privileged emails with third parties (RFPs 32 and 40). *Id.* Also buried in the production were additional documents subject to the Court's April 20th Order that Sisvel's August 24 letter did not even identify as being produced—e.g., balance sheets responsive to RFP 54. *Id.*

## III.   LEGAL STANDARDS

This motion is brought pursuant to Rule 37(b)(2), which reads in relevant part (emphasis added):

(b) Failure to Comply with a Court Order.

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

\*\*\*

> (C) Payment of Expenses.  Instead of or in addition to the orders above, ***the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure***, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

"The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37 Advisory Committee Notes (1970).

In addition to the mandatory award of reasonable expenses, the Court has broad discretion to authorize other sanctions as appropriate, including the sanctions enumerated in Rule 37(b)(2)(A*).  Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.,* No. 18-CV-80758, 2019 WL 7371831, at \*3 (S.D. Fla. Sept. 20, 2019).   Such sanctions are intended to "(1) compensate the court and other parties for the added expense caused by discovery abuses; (2) compel discovery; (3) deter others from engaging in similar conduct; and (4) penalize the offending party or attorney."  *Id.* (citing *Steward v. Int'l Longshoreman's Ass'n, Local No. 1408,* 306 F. App'x 527, 529 (11th Cir. 2009) (per curiam).  A movant seeking sanctions need not prove harm or prejudice in order to prevail.  *Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc.*, 295 F.R.D. 1, 15-16 (E.D.N.Y. Oct. 21, 2013).  "Belated compliance with discovery orders does not preclude the imposition of sanctions."  *AT&T Wireless Servs. of Cal. LLC v. City of Carlsbad*, No. 01cv2045, 2002 WL 34396709, at \*5 (S.D. Fla. Nov. 7, 2002).

## IV.    ARGUMENT

### A.    Sisvel Failed To Comply With The Court's April 20 Order

The Court's April 20 order required Sisvel to produce the relevant documents "on a rolling basis, <u>to be completed by **May 17, 2021**</u>."  ECF No. 78 (underscoring added).  There can be no legitimate dispute about the fact that Sisvel violated that order.  Despite an express instruction to

produce documents "on a rolling basis," Sisvel did not produce any documents before the deadline. Rather, Sisvel *began* its production of documents shortly after the deadline (at 12:34 am on May 18) and produced additional documents two days after the deadline, on May 19.  Lee Decl. ¶¶ 13–14 & Ex. M.  After HMD reviewed Sisvel's belated document production from May 18-19 and identified deficiencies, Sisvel produced additional relevant documents on August 24—more than three months after the May 17 deadline and after representing on May 21 that production was complete and no documents were withheld.  *Id.* ¶ 23 & Ex. W.

### B.  Sisvel's Failure Was Not Substantially Justified And Other Circumstances Do Not Make An Award Of Expenses Unjust

Because Sisvel repeatedly failed to comply with the Court's April 20 order, the Court can and should issue sanctions again Sisvel under Rule 37(b)(2)(A).  The Court "must" further award HMD its expenses under Rule 37(b)(2)(C) "unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Sisvel was not substantially justified in failing to comply with the April 20 order, and there are no other circumstances that would make an award of HMD's expenses unjust.  To the contrary, Sisvel's violation of the April 20 order involved egregious conduct that justifies an award of HMD's expenses.

As an initial matter, Sisvel did not produce documents on a rolling basis prior to the May 17 deadline.  Instead, it waited until the deadline to try to produce documents and then missed the deadline.  Sisvel never alerted HMD that it was having any difficulty meeting the Court's order of a "rolling production" until the due date, suggesting that the delay was either intentional or a result of negligence.  Regardless, once Sisvel realized that it would have difficulty meeting the court-ordered deadline, it should have immediately sought relief from the Court.  *See Sentry Ins.*, 295 F.R.D. at 16–17 (sanctions appropriate despite coordination issues with third-party document

9

holder and "computer crash" delaying production past mandated production date and time because non-compliant party failed to "explain why, when faced with [these] delays, they failed to make a timely request for another extension of time.").  The circumstances show that Sisvel's failure to meet the deadline and failure to request relief from the Court were due to Sisvel's lack of diligence and desire to avoid providing HMD with court-ordered discovery.  Given that HMD first requested that these documents to be produced within 30 days of its January 11, 2021, discovery request, HMD would have been justified in seeking sanctions for this violation alone.  But, in fact, Sisvel would continue to withhold responsive documents and remain in violation of the Court's April 20 order for another three months.

Following Sisvel's belated document production on May 18-19, Sisvel stated during a meet and confer on May 21 that its document production in response to the April 20 order was complete. Lee Decl. ¶ 15.  That statement was false.  HMD reviewed the documents that Sisvel produced on May 18-19 and determined that Sisvel's document production was incomplete.  *Id.* ¶ 17.  HMD wrote to Sisvel on June 8 to identify deficiencies in Sisvel's document production and continued to review Sisvel's documents.  *Id.* ¶ 17 & Ex. Q.  Sisvel did not respond for more than a month, so HMD wrote to Sisvel on July 16 to follow up on the prior letter and to identify additional deficiencies in Sisvel's document production.  *Id.* ¶ 19 & Ex. S.  Yet Sisvel continued to deny the truth that its production was incomplete.  *Id.* ¶ 20 & Ex. T.

Certainly by time of the June 14, 2021, hearing, the Court had made Sisvel aware that its noncompliance with the April 20 order might subject it to sanctions under Rule 37(b).  ECF No. 99; *see Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-cv-6653, 2015 WL 2250592, at *10 (S.D.N.Y. May 13, 2015) (granting monetary sanctions under Rule 37(b) and warning that further noncompliance may result in dismissal of claims with prejudice because, *inter alia*, non-compliant

party was notified at earlier hearing that failure to comply would result in sanctions).  Yet on July 23, Sisvel responded to HMD's letters of July 8 and 16 by repeating its false assertion that its document production was complete and asserting that it had fully complied with the Court's April 20 order.  *Id.* ¶ 20 & Ex. T at 1.   Sisvel defiantly stated that HMD's inability to find documents in Sisvel's production does not mean that such documents exist or that Sisvel failed to produce them.  *Id.*, Ex. T at 2.

On August 5, HMD informed Sisvel that it would take Sisvel at its word that Sisvel's document production was complete and proceed with the case based on the documents that Sisvel had produced at that point.  *Id.* ¶ 21 & Ex. U.  HMD also stated that it would seek to preclude Sisvel from relying on any documents within the scope of the Court's April 20 order that are produced in the future or from taking positions based on any such future-produced documents.  *Id.*, Ex. U at 2.  In response to that statement by HMD, on August 24, Sisvel produced hundreds of additional documents that were subject to the Court's April 20 order.  *Id.* ¶ 23.  Sisvel's production of those documents—more than three months after the May 17 deadline—was self-serving and strategic.   That tranche of documents included documents that are important to HMD's counterclaims and defenses—e.g., documents to show revenue and licensing royalties received by Sisvel and related to the asserted patents (RFPs 76 and 78), and documents to show the payments that Sisvel made to acquire the asserted patents (RFP 77).  *Id.* ¶ 23.  Had HMD not pressed for production of these documents, HMD might never have received them at all, or might have received them without sufficient time for HMD's damages expert to use them or to even revise his report to account for them.  The Court's discovery rules do not abide such gamesmanship.

Despite previously asserting that its document production was complete, Sisvel's August 24 letter provided no reasonable explanation for the late production of those documents.

Instead, for some documents (attachments to non-privileged emails with third parties), Sisvel described its late production as "an oversight on Sisvel's part." *Id.* ¶ 22, Ex. V at 2. But given the Court's clear instruction in the April 20 order, the Court's statements at the June 14, 2021, hearing, and HMD's repeated written instructions to Sisvel that its production was demonstrably incomplete, Sisvel cannot rely on "oversight" as a reasonable explanation for delay. *See Lair for Estate of Lair v. Reyes*, No. 18-CV-1017, 2020 WL 9718813, at *6 (S.D. Ill. Mar 17, 2020) (non-complaint party was, at a minimum, at fault without "any reasonable explanation for why [it] did not previously conduct a more thorough search for the requested documents," even after representing to Court that production of said documents had been complete). And for the remaining documents—e.g., financial documents responsive to RFPs 76, 77, and 78, and balance sheets responsive to RFP 54—Sisvel provided no justification whatsoever for its delay.

The unjustified and egregious nature of Sisvel's failure to comply with the Court's April 20 order is further shown by the fact that it is part of a larger pattern of Sisvel's improper and obstructionist behavior in discovery. Sisvel has repeatedly refused to comply with its discovery obligations and to respond appropriately to HMD's discovery requests. HMD has had to seek relief from the Court twice because of Sisvel's improper and obstructionist behavior. In December of 2020, HMD sought relief from the Court because of Sisvel's deficient responses to some interrogatories and RFPs in HMD's Second Set of Interrogatories and RFPs (ECF Nos. 39, 42), and the Court granted partial relief (ECF No. 43). In April 2021, HMD again sought relief from the Court because of Sisvel's deficient responses related to HMD's Third Set of Interrogatories and RFPs, which led to the April 20 order that is the subject of this motion. Pursuing and obtaining relief from the Court has required HMD to expend considerable time, effort, and money. Sanctioning Sisvel is important to bring a halt to Sisvel's improper and obstructionist tactics.

12

HMD respectfully seeks only a formal sanction against Sisvel and its counsel under Rule 37(b)(2)(A) and an award of HMD's expenses under Rule 37(b)(2)(C), including attorney fees, caused by Sisvel's failure to comply with the April 20 order.  However, given Sisvel's past obstructionist and improper behavior and for the reasons stated in HMD's letters of June 8 and July 16 to Sisvel, HMD believes that Sisvel's documents production in response to the Court's April 20 order might still be incomplete.  If HMD determines that to be the case, HMD will seek additional sanctions under Rule 37(b).  Courts have found that repeated disregard for discovery obligations and Court orders amount to "willful" or "bad faith" violations sufficient to justify more severe sanctions under Rule 37(b).  *E.g., Estate of Lair*, 2020 WL 9718813, at *6 (party's "recalcitrant compliance, of course, comes more than 4 months after the Court's discovery order and was only ultimately secured after Lair was forced to file a motion for sanctions. The substantive production further underscores the woefully inadequate nature of [the party's] initial response as it only initially provided a handful of documents in response to Lair's requests.").

## C.    HMD's Expenses Caused By Sisvel's Failure

Under Rule 37(b)(2)(C), HMD is entitled to recover its "reasonable expenses, including attorney's fees, caused by" Sisvel's failure to comply with the Court's April 20 order.  HMD believes such expenses include at least its attorney fees incurred (1) litigating the motion to compel resulting in the April 20 order, *see Snider-Hancox v. NCL Bahamas Ltd.*, No. 17-20942-CIV, 2018 WL 6448765, at *10 (S.D. Fla. Dec. 3, 2018); (2) corresponding with Sisvel to secure its compliance with the April 20 order, *Simmons v. Orbis Corp.*, No. 09-CV-1183, 2010 WL 2196968, at *6 (N.D. Ga. May 13, 2010), *report and recommendation adopted*, 2010 WL 2197037 (June 1, 2010); (3) litigating the instant motion for sanctions, *PDVSA US Litig. Tr. v. Lukoil Pan Americas LLC*,  No. 18-CIV-20818,  2019 WL 1261806, at *12 (S.D. Fla. Feb. 11, 2019), *report*

*and recommendation adopted*, 2019 WL 1258819 (Mar. 19, 2019), *Farmer*, 2015 WL 2250592, at *4, *10; and (4) expenses born by HMD consultants and/or experts who have, for example, performed work that would have not occurred but-for Sisvel's violation of the April 20, *Snider-Hancox*, 2018 WL 6448765, at *10 . Thus, HMD's expenses caused by Sisvel's failure include the expenses associated with the following activities:

- On March 30, 2021, HMD filed a notice of hearing for the dispute about *inter alia* Sisvel's responses to HMD's Third Set of RFPs, which had been the subject various discovery correspondence throughout late February and early March. ECF No. 62.

- On April 16, 2021, HMD filed a supplemental notice of hearing for the parties' discovery dispute to additional address a dispute about problems with many RFPs in HMD's First, Second and Third Sets of RFPs, which had been the subject of discovery correspondence the week prior. ECF No. 73.

- On April 19, HMD filed a second supplemental notice of hearing to compel responses to certain of HMD's RFPs and to provide a date-certain on which Sisvel shall complete its production. ECF No. 76.

- On April 20, the Court held a telephonic hearing about the discovery dispute and issued an order granting partial relief to HMD.[2]

- On June 8, 2021, after reviewing the documents Sisvel produced on May 18-19 and determining that the production was still incomplete, HMD wrote to Sisvel to identify

---

[2] When Sisvel initially failed to comply with the April 20 order, HMD sought sanctions under Rule 37(a)(5). ECF No. 95. The Court denied this motion without prejudice to HMD filing the instant motion for sanctions under Rule 37(b). ECF No. 98. To be clear, HMD *is not* seeking its expenses related to the filing and litigation of the first sanctions motion under Rule 37(a)(5).

deficiencies in Sisvel's related document production and to request a meet and confer. Lee Decl. ¶ 17 & Ex. Q.

- By July 16, 2021, Sisvel had not responded to HMD's letter of June 8, so HMD wrote to Sisvel to follow up and identify additional deficiencies in Sisvel's document production. HMD received a letter in response on July 23. *Id.* ¶ 19 & Ex. S.

- Between June and August, HMD conducted repeated and unnecessary reviews of Sisvel's production—sometimes on a page by page basis—to confirm that, contrary to Sisvel's misrepresentation, key documents were missing from the production. *Id.* ¶ 2021.

- Also between June and August, HMD's damages expert Michael Lasinski drafted portions of HMD's opening expert report in support of its counterclaims on the understanding that Sisvel's production was complete, which must be reviewed and/or revised in view of Sisvel's withheld documents. *Id.* ¶ 20.

- On August 5, 2021, HMD responded to Sisvel's letter of July 23. *Id.* ¶ 21 & Ex. U.

- The instant motion for sanctions under Rule 37(b).[3]

Pursuant to the Court's practice in prior cases and Local Rule 7.3, if the Court grants this motion, HMD will promptly submit a statement of its expenses, including attorney fees, determined by the Court to have been caused by Sisvel's failure to comply with the Court's April 20 order. *E.g.*, *PDVSA US Litig. Tr.*, 2019 WL 1261806, at *12; *Snider-Hancox*, 2018 WL 6448765, at *10.

---

[3] HMD anticipates that expenses related to the instant motion will also include preparation of a reply brief and, if necessary, preparing for and attending a hearing.

## V.      LOCAL RULE 7.1 AND RULE 37 CERTIFICATION

Counsel for HMD has made reasonable efforts to confer with counsel for Sisvel about the relief sought in this Motion in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.  Under Local Rule 7.1, counsel for HMD informed counsel for Sisvel by email on September 21, that, pursuant to the Court's June 14 Order (ECF No. 99), HMD planned to file a motion for sanctions under Rule 37(b) for Sisvel's violation of the Court's April 20 order (ECF No. 78) and asked if Sisvel would oppose the motion.  As of the filing of this paper, counsel for Sisvel has not responded to this email.

Dated: September 23, 2021

Respectfully submitted,

/s/      *Joseph W. Bain*

WILLIAM J. MCCABE, Esq.
*Pro hac vice*
wmccabe@perkinscoie.com
GENE W. LEE, Esq.
*Pro hac vice*
glee@perkinscoie.com
MATTHEW J. MOFFA, Esq.
*Pro hac vice*
mmoffa@perkinscoie.com
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd floor
New York, NY 10036
Telephone: (212) 262-6900
Facsimile: (212) 977-1649

ADAM G. HESTER, Esq.
Admitted *Pro hac vice*
ahester@perkinscoie.com
**PERKINS COIE LLP**
33 East Main Street, Suite 201
Madison, WI 53703
Phone: (650) 838-4311
Fax: (650) 838-4350

MICHAEL A. CHAJON, Esq.
Admitted *Pro hac vice*
mchajon@perkinscoie.com
**PERKINS COIE LLP**
700 Thirteenth Street N.W., Suite 800
Washington, D.C. 20005
Phone: (202) 654-3316
Fax: (202) 624-9575

JOSEPH W. BAIN, ESQ.
Florida Bar No. 860360
Email Address: jbain@shutts.com
**SHUTTS & BOWEN LLP**
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

**ATTORNEYS FOR DEFENDANTS
HMD AMERICA, INC., AND
HMD GLOBAL OY**

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using

the CM/ECF system which served a copy all counsel of record on September 23, 2021.

*/s/ Joseph W. Bain*
Joseph W. Bain
