# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## Case No.: 1-20-cv-22051- CIV-GAYLES/OTAZO-REYES

SISVEL INTERNATIONAL S.A.,
3G LICENSING S.A., AND SISVEL
S.P.A.,

                Plaintiffs,

  v.

HMD AMERICA, INC. AND HMD
GLOBAL OY,

                Defendants.

## PLAINTIFFS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF

## **TABLE OF CONTENTS**

I.   ARGUMENT ................................................................................................... 1

   A.  '396 Patent: "detected as missed" ................................................................ 1

   B.  '653 Patent: "control means connected with the receiving means adapted to control the data transmission rate based on the data rate control command" ....... 3

I.  **ARGUMENT**

Subsequent to the claim construction hearing, the parties and Special Master exchanged a series of emails resulting in a round of supplemental briefing on issues outstanding from the claim construction hearing held on October 7, 2021. Plaintiffs' supplemental arguments and clarifications follow.

A.  **'396 Patent: "detected as missed"**

During the claim construction hearing, an issue arose concerning claim 2 of the '396 patent and its consistency with claim 1. Specifically, during the hearing, there was discussion regarding whether claim 2 of the '396 patent recited a method of detecting a missed PDU block by way of receiving a PDU with a sequence number that is larger than the previous PDU block. (Ex. D.I. 122-1 at 172:1-191:25.) Initially, both Plaintiffs and the Special Master understood claim 2 to so read. (*Id.* at 188:2-190:1.) However, upon more thorough review, Plaintiffs no longer assert that claim 2 concerns *how* to detect a missed PDU. Rather, Plaintiffs are now of the same opinion voiced by Defendants during the oral argument: claim 2 is substantive because it says ***"when"*** a PDU block is detected as missed. (*See Id.* at 182:14-183:21.)

Claim 2 recites that a "data block is detected as missed when a sequence number (SN) of a currently received data block is larger than a SN of a previously received data block." (D.I. 51-6 at claim 2.) When read as a ***method*** for determining ***how*** a PDU is detected as missed, then claim 2 would indeed appear to

1

be inconsistent with Figure 12. Following the logic of this reading of claim 2, a jitter timer would start after every receipt of a sequential block, as a hypothetical PDU2 would have a higher sequence number than an immediately preceding PDU1—undermining the very purpose of claim 1, from which claim 2 depends.

However, this is not what the Patentee intended, and reference to Figure 12 is instructive. At point (1) of Figure 12, PDU3 has a higher sequence number than the PDU before it, and therefore that is the point the missing PDU2 is detected. (*Id.* at Fig. 12.) Consistent with claim 2, this is ***also the time that the jitter timer begins***. The jitter timer ends at point (2) when PDU2 is received thereby resolving the missing data block. (*Id.* at Fig. 12.) Similarly, at point (3) of Figure 12, PDU7 has a higher sequence number than the PDU before it, and therefore that is the point the missing PDU6 is detected. (*Id.*)

When PDU2 is finally received, it is out of sequential order and not the next sequential PDU. (*Id.* at Fig. 12.) Under proper operation, the next PDU should be PDU5; when PDU2 is received, PDU5 is missing. (*See id.* at Fig. 12.) Claim 2 teaches that PDU5 is not detected as missing at that point (point (2)) because the sequential number of the PDU received, PDU2, is not higher than the previous PDU, PDU4, ***and thus no jitter timer starts***. (*See id.* at Fig. 12, claim 2.)

During the oral argument, an issue arose regarding what a version of a hypothetical Figure 12a, representing claim 2, might look like. (*Id.* at 189:10-14.) Plaintiffs would like to clarify: as discussed above, Figure 12 covers claim 2.

2

Thus, Plaintiffs respectfully submit that claims 1 and 2 are consistent with each other since claim 2 teaches *when* the detection occurs, not *how* to detect a missed PDU. This is also consistent with Plaintiffs' claim that the specification contains a typographical error since, as discussed during oral argument, Figure 12 never receives PDU6.

### B. '653 Patent: "control means connected with the receiving means adapted to control the data transmission rate based on the data rate control command"

Plaintiffs wish to also confirm in a written submission the precise citations for Plaintiffs' proposal regarding the relevant algorithm for this term, should the Court determine that an algorithm is required.

Plaintiffs' proposed algorithm is set forth in the '653 patent specification at 6:4-14 and 8:44-46, appearing on pages 15-16 of Plaintiffs' Opening Brief and pages 5 & 20 of Plaintiffs' Responsive Brief. Additional support for the algorithm (but not the algorithm itself) may be found at the following locations:

- The '653 Patent at Fig. 4, boxes 41-44 (cited at page 16 of Plaintiffs' Opening Brief and page 20 of Plaintiffs' Responsive Brief).

- The '653 Patent at Fig. 2, boxes 21-24 (cited at pages 15-16 of Plaintiffs' Opening Brief).

| | |
|---|---|
| Dated:  October 19, 2021 | */s/Jorge Espinosa/* <br> Jorge Espinosa, Esq. <br> Florida Bar No: 779032 <br> jorge.espinosa@gray-robinson.com <br> Francesca Russo, Esq. <br> francesca.russo@gray-robinson.com <br> Robert R. Jimenez, Esq. <br> robert.jimenez@gray-robinson.com <br> **GRAY | ROBINSON, P.A.** <br> 333 S.E. 2nd Ave., Suite 300 <br> Miami, FL 33131 <br> Tel: 305-416-6880 <br> Fax: 305-416-6887 <br> <br> *Attorneys for Plaintiffs* <br> *SISVEL INTERNATIONAL S.A.,* <br> *3G Licensing, S.A., and SISVEL S.p.A* |